IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP., <br><br>     Plaintiff, <br><br> v. <br><br> TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC., <br><br>     Defendants. | **Civil Action No. 09-CV-11550-GAO** |
| ASCION, LLC AND MARTIN RAWLS-MEEHAN <br><br>     Plaintiffs, <br><br> v. <br><br> RUOEY LUNG ENTERPRISE CORP. AND LUNG-TAN SHIH <br><br>     Defendants. | Civil Action No. 09-CV-10293-WGY <br> Consolidated with the above action |

**DECLARATION OF JOHN L. STRAND, ESQ.**

1.     I am an associate at the law firm of Wolf, Greenfield & Sacks, P.C.  Wolf, Greenfield & Sacks, P.C. is counsel for Ascion, LLC, Martin Rawls-Meehan, and the Tempur-Pedic entities named in the caption.

2.     Attached as exhibit A to this declaration is a copy of relevant portions of "Ruoey Lung's and Lung-Tan Shih's Responses and Objections to Plaintiffs Ascion and Rawls-Meehan First Set of Interrogatories," dated January 20, 2010.

3.      Attached as exhibit B to this declaration is a copy of "Defendants Ruoey Lung Enterprise Corp. and Lung-Tan Shih's Supplemental Responses and Objections to Interrogatories 3 and 5 of Plaintiffs Ascion, LLC and Martin Rawls-Meehan's First Set of Interrogatories," dated September 7, 2010.

4.      On August 26, 2010, Ascion produced Ascion's "Engineering Change Notices," showing the change from "two arm" to "one arm" beds.  These documents were produced as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the protective order, so are not attached to this declaration.

5.      Attached as exhibit C to this declaration is a copy of a "Reverie Deluxe" owner's manual dated 10-07-09 and produced at ASCION0096642-61.

6.      On September 10, 2010, Ascion produced to Ruoey Lung a report from Ascion's accounting system concerning the accused products, showing at least the following: the quantity of accused products distributed/sold by Ascion; the quantity of accused products returned (if any); Ascion's gross revenue for each product; Ascion's net revenue for each product; Ascion's cost of goods sold for each product; and a break-out of this data by "one arm" versus "two arm" beds.  These documents were produced as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the protective order, so are not attached to this declaration.

7.      After producing the documents described in paragraph 6, Ascion asked Ruoey Lung to withdraw its motion to compel concerning the financial documents.  As shown in exhibit D to this declaration, a copy of an email chain between myself and Richard Cauley, Esq. (counsel for Ruoey Lung), Ruoey Lung refused to withdraw its motion.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  September 10, 2010          /s/ John Strand
                                    John Strand

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.


/s/ John Strand