IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASCION, LLC and MARTIN RAWLS-MEEHAN,<br><br>        Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH,<br><br>        Defendants. | Civil Action No. 09-11550-GAO<br><br>(Consolidated with Civil Action No. 09-10293-WGY) |
| RUOEY LUNG ENTERPRISE CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>        Defendants. | |

**RUOEY LUNG ENTERPRISE CORP.'S MOTION AND MEMORANDUM TO COMPEL APEX HEALTH CARE MANUFACTURING, INC. AND OPTIMA HEALTHCARE, INC. TO RESPOND WITHOUT OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Ruoey Long Enterprise Corporation ("RL") respectfully moves the Court for discovery relief against Apex Health Care Manufacturing, Inc. and Optima Healthcare, Inc. ("Optima"). On May 13, RL propounded interrogatories and requests for production to both Apex and Optima. Apex and Optima were obligated to respond on June 15, 2010.

Apex and Optima as of the date of this Motion have still to provide any formal written responses to this discovery, have produced no documents and have interposed no objections. They have therefore waived all of their objections. They should be compelled to provide (without objection) full written responses to the propounded written discovery and begin significant document production by a date certain. Apex and Optima should also pay monetary sanctions to compensate RL for the expenses incurred in bringing this Motion.

## BACKGROUND

On May 13, 2010, RL propounded combined interrogatories and combined requests for production on both Apex and Optima. Affidavit of Richard F. Cauley ("Cauley Aff.") Exs. A and B. Apex and Optima were obligated to respond on June 15, 2010.

On June 14, 2010 (the day before responses were due), counsel for Apex and Optima contacted counsel for RL. Cauley Aff. ¶ 3. Counsel for Apex and Optima requested an extension of time to respond to the propounded discovery. Counsel for RL informed counsel for Apex and Optima that RL would not consent to such an extension.

Apex and Optima did not provide written responses or documents. Cauley Aff. ¶ 4. On June 15, 2010, RL sent a meet and confer letter to Apex and Optima. Cauley Aff. C. Apex and Optima did not respond.

1

On or about August 19, 2010, RL sent a second meet and confer letter. Cauley Aff. D. Apex and Optima did not respond. Cauley Aff. ¶ 5.

On or about August 30, 2010, RL sent a third meet and confer letter which formally requested a telephonic meet and confer per Local Rule 37.1. Cauley Aff. E. Apex and Optima did respond with a meet and confer letter on August 30, 2010. Cauley Aff. F. However, Apex and Optima still did not provide either official written responses to the propounded discovery or documents. Cauley Aff. ¶ 6.

On or about September 1, 2010, RL sent an email responding to Apex and Optima's August 30 letter and further requesting a Local Rule 37.1 telephonic meet and confer. Cauley Aff. G. After further communication, the parties arranged for a September 7, 2010 telephonic meet and confer per Local Rule 37.1. Cauley Aff. ¶ 7. The parties were unable to resolve their dispute after good faith negotiation. For example, Apex and Optima did not agree that they had waived their objections to the items attached as Exhibits A and B to the Cauley Affidavit.

## ARGUMENT

It is undisputed that as of the date of this Motion, Apex and Optima have not provided any official written responses to the items attached as Exhibits A and B to the Cauley Affidavit. It is also undisputed that Apex and Optima have not produced even a single document to RL. Apex and Optima still have not begun to meet their discovery obligations even though almost <u>three months</u> have passed since the June 15 deadline for their responses. Apex and Optima's complete failure to respond to the items attached as Exhibits A and B to the Cauley Affidavit has resulted in the waiver of their objections to those items.

The failure to answer within the thirty-day period effectuated a waiver of any objections which the plaintiff might have had to the interrogatories. L.R. 33.1(C)(1) explicitly provides, in

2

pertinent part, that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived." Also, see e.g. Drouin v. Symetra Life Ins. Co., 242 F.R.D. 167, 168 (D.Mass.2007); Federal Rule of Civil Procedure 33.

Similarly, failure to file a timely objection to a request for production of documents constitutes a waiver of any objections which a party might have to the requests under Local Rule 34.1(c)(1). Also, see e.g. Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D.Mass. 1988); Federal Rule of Civil Procedure 34.

It is RL's understanding that Apex and Optima may note that Federal Rule of Procedure 26(b)(1) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." They may then argue that Rule 26 prevents RL from requesting documents or information to which Apex or Optima might claim a privilege and that, under Rule 26, they have no obligation to ever assert an objection based on privilege. Indeed, under Apex and Optima's interpretation of Rule 26, it would be impossible for them to waive the attorney-client privilege. However, this is not the law.

First, this position is diametrically opposed to Rule 26(5)(5)'s requirement that the privilege be claimed expressly and that withheld documents be specifically identified. Thus, Rule 26 does not preclude (and indeed, anticipates) that privileged documents and information may be requested by imposing a requirement that the producing party actually timely assert its objections to producing those documents and that information.

Additionally, Apex and Optima's position is inconsistent with the case of Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8 (1st Cir. 1991). In that case, a party failed to respond or object to a set of document requests. Id. at 11. The trial court granted a motion to compel responses and

3

ruled that any objections were waived. Id. The party failed in a subsequent motion and related communications to seek clarification if the attorney-client privilege could still be asserted, failed to assert privilege prior to production of some documents, and failed to give warning indicating that the party would later in fact seek to withhold some documents based on privilege. Id. The trial court sanctioned the party for reasons including the party's decision to withhold some documents based on privilege, and the court of appeals upheld that decision. Id. at 11-12. Therefore, the Court has discretion to find that the attorney-client privilege has been waived as to the items attached as Exhibits A and B to the Cauley Affidavit.

Apex and Optima should be compelled to provide written responses (without objections) to the items attached as Exhibits A and B to the Cauley Affidavit. They should also be compelled to begin significant document production in response to RL's document requests by no later than seven days after the signing of an Order granting this Motion.

As the result of Apex and Optima's failure and refusal to provide proper, timely responses, RL has incurred legal fees in connection with bringing the instant Motion. Therefore RL respectfully requests that Apex and Optima be ordered to pay monetary sanctions to RL in the total amount of $1,125.00. This request is supported in further detail in the accompanying Affidavit of Richard F. Cauley. Cauley Aff. ¶ 8. RL reserves the right to adjust its request and/or request further sanctions if necessary, particularly if a reply brief and/or travel and attendance at a hearing is necessary as to this Motion.

## CONCLUSION

For the foregoing reasons, RL respectfully requests that the Court grant this Motion in its entirety.

## REQUEST FOR ORAL ARGUMENT

For the foregoing reasons, RL respectfully requests that the Court schedule a hearing on this Motion.

## LOCAL RULES 7.1(A)2) AND 37.1 CERTIFCATION

Undersigned counsel certifies that he contacted Apex and Optima's counsel in a good faith effort to confer and attempt to resolve or narrow the issues presented in this Motion. In addition to the various correspondence noted above, counsel most recently conferred by telephone on September 7, 2010.

**Respectfully Submitted,**
**RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH**

By their attorneys,

Dated: September 10, 2010

/s/ Richard F. Cauley
Richard F. Cauley (admitted *Pro Hac Vice*)
Franklin E. Gibbs (admitted *Pro Hac Vice*)
**WANG, HARTMANN, GIBBS, & CAULEY P.C.**
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
(949) 833-8483

Scott McConchie (BBO # 634127)
**GRIESINGER, TIGHE & MAFFEI, LLP**
176 Federal Street
Boston, MA 02110
(617) 542-9900
(617) 542-0900 (fax)
sm@gtmllp.com

## Certificate of Service

I, Richard F. Cauley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 10, 2010.

/s/ Richard F. Cauley

Richard F. Cauley