IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP.,<br><br>     Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>    Defendants. | **Civil Action No. 09-CV-11550-GAO**<br><br>**EXPEDITED CONSIDERATION REQUESTED** |
| ASCION, LLC and MARTIN RAWLS-MEEHAN,<br><br>     Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH,<br><br>    Defendants. | Civil Action No. 09-CV-10293-WGY<br>Consolidated with the above action |

**ASCION'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL RUOEY LUNG'S ATTENDANCE AT DEPOSITION**

Ascion respectfully requests the Court to compel Ruoey Lung to (1) produce Ruoey Lung's Rule 30(b)(6) witness or witnesses, and its corporate officers, for depositions in Boston, Massachusetts, and (2) allow the scheduling of depositions of Ruoey Lung and its officers without regard to when Ruoey Lung's depositions of Ascion's witnesses occur.

Despite having brought suit as a plaintiff in a United States District Court under a U.S. patent and in connection with a contract it entered into with a Boston-based entity (alleging

breach based on U.S. activity), Ruoey Lung refuses to attend depositions here in the United States.  As courts routinely recognize, the proper forum for the deposition of a plaintiff like Ruoey Lung, or its officers, is the forum where the litigation is pending (i.e., Boston, Massachusetts).  Ruoey Lung has sufficiently advantaged itself of the United States' law and economy so that taking its deposition in Boston, Massachusetts is fair, just, and not unduly burdensome.

Without any support, Ruoey Lung refuses to appear for depositions noticed by Ascion "until the completion of the Ascion depositions."  That contention fails in view of the plain language of Fed. R. Civ. P. 26(d):  "methods of discovery may be used in any sequence … and … discovery by one party does not require any other party to delay its discovery."  The Court should order that the depositions in this case proceed whenever the deponents and counsel are available, not based on the arbitrary order in which notices were served.

## <u>BACKGROUND</u>

On September 14, 2010, Ascion served a 30(b)(6) deposition notice on Ruoey Lung, as well as deposition notices for three of its officers: Lung-Tan Shih, Sophia Shih, and Jack Shih. (Ascion's Deposition Notices (attached to this Memorandum as Exhibits A-C).)  Those notices indicated that the depositions would take place in Boston, Massachusetts on various dates in late September and early October (respectively).  (<u>Id.</u>)  On September 15th, Ruoey Lung responded via email:

> **We will not, of course, be producing these individuals, or the 30(b)(6) designee, in Boston**, but will only produce them in Taiwan.  Additionally, Jack Shih is presently serving in the Taiwan military, so we cannot give any indication when we will be able to produce him for deposition at all.
>
> Also, **we will not produce any of our witnesses for deposition until the conclusion of the Ascion depositions** previously noticed.

(Email string between counsel for Ascion and Ruoey Lung, email dated Sept. 15, 2010 – 2:31PM (attached to this Memorandum as Exhibit D) (emphasis added).)  Ascion requested Ruoey Lung's legal basis for refusing to appear for depositions until it completed taking the ones it noticed only five days earlier.  (Id., email dated Sept. 15, 2010 – 8:09PM.)  In addition, Ascion pointed out that the Court has the power to compel Ruoey Lung and its officer's attendance at depositions here in Boston and urged Ruoey Lung to reconsider its position.  (Id.)  Ruoey Lung failed to cite any authority in support of its contention that it can properly refuse to be deposed until it completes all of its noticed depositions.  (Id., email dated Sept. 17, 2010.)  Moreover, it reiterated its position that neither it, nor its officers, would appear for depositions in Boston, Massachusetts.  (Id.)

## ARGUMENT

### I.      RUOEY LUNG BROUGHT ITS SUIT IN THE UNITED STATES AND MUST ATTEND DEPOSITIONS HERE.

Despite availing itself of the United States Federal Courts by bringing suit against Tempur-Pedic, Apex, and Optima in the United States, and maintaining that suit as a plaintiff here in Boston, Ruoey Lung refuses to attend depositions here.[1]  Specifically, Ruoey Lung insists that it "will not, of course, be producing these individuals, or the 30(b)(6) designee, in Boston, but will only produce them in Taiwan."  (Ex. D, email dated Sept. 15, 2010 – 2:31PM.)  Ruoey Lung's refusal to appear for depositions in Boston is not only unduly burdensome on all parties

---

[1]  Ascion first brought an action in the United States District Court for the District of Massachusetts concerning whether its adjustable beds infringe U.S. Patent No. 7,448,100, whether that patent is valid, and whether an Ascion business leader, Mr. Martin Rawls-Meehan is the true inventor of that technology.  (D.I. 001, Complaint.)  Three months after the filing of this action, Defendant Ruoey Lung Enterprise Corporation brought a mirror image suit in the United States District Court for the Central District of California against Ascion's customers (the Tempur-Pedic Entities) and replacement contract manufacturers (Apex and Optima).  (D.I. 29, Ex. B, at 2.)  The Central District of California transferred the second-filed action to this Court under the first-to-file rule.  (Id.)

(Ascion in particular), but is not supported by the law.  Ruoey Lung is a plaintiff in the U.S.
District Court for the District of Massachusetts, sitting in Boston, and must appear for
depositions here.  "[I]f the party deposed is a plaintiff or its agent, deposition is generally
appropriate at the litigation forum."  7 James WM. Moore, et al., MOORE'S FEDERAL PRACTICE §
30.20[1][b] (2010); Detweiler Bros., Inc. v. John Graham & Co., 412 F.Supp. 416, 422 (E.D.
Wash. 1976) ("'As a normal rule plaintiff will be required to make himself available for
examination in the district in which he has brought suit'….").

Indeed, courts routinely compel foreign entities – like Ruoey Lung (and its officers) – to
attend depositions in the litigation forum where those entities availed themselves of that forum.
See, e.g., Malot v. Dorado Beach Cottages Assoc., 478 F.3d 40, 42 (1st Cir. 2007) (citing trial
court's order that "that [p]laintiffs should be available for depositions in the forum that they
themselves selected"); Prozina Shipping Co., Ltd. v. Thirty-Four Auto., 179 F.R.D. 41, 48 (D.
Mass. 1998) (compelling party located in Hong Kong to attend depositions in the United States
because it chose to bring action here); W.H. Brady Co. v. Dorman-Bogdonoff Corp., No. 82-
911-T, 36 Fed. R. Serv. 2d 307, 307, 1982 U.S. Dist. LEXIS 18365, at *1 (D. Mass. Nov. 3,
1982) (compelling plaintiff's officer based in Milwaukee to appear in Boston for deposition);
Grotrian, Helfferich, Schulz, TH. Steinweg Nachf v. Steinway & Sons, 54 F.R.D. 280, 281
(S.D.N.Y 1971) ("Since plaintiff [a German corporation] has chosen this forum, it cannot impose
upon defendant the extraordinary expense and burden of traveling to a foreign country to conduct
a deposition except on a showing of burden and hardship to the plaintiff."); Seuth v. Renwal
Prods., Inc., 38 F.R.D. 323, 324 (S.D.N.Y. 1965) (denying motion to quash brought by a plaintiff
who was a resident of West Germany:  "Ordinarily, a defendant is entitled to examine a plaintiff
in the forum where plaintiff has chosen to sue."); Societe Int'l Pour Participations Indus. et

Commerciales S.A. v. Clark, 8 F.R.D. 565, 566 (D.D.C. 1948) (denying motion to quash brought by Swiss Plaintiff: "it seems advisable that depositions taken by defendant should be permitted to be taken in the District of Columbia where the suit is to be tried."); Clem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939 (S.D.N.Y. 1984) ("In addressing motions for protective orders pursuant to Rule 26(c), this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances.").

During the parties' meet and confer, Ruoey Lung took the position that it is not a true "plaintiff" and it did not initiate suit in Massachusetts: "Your claim that we 'brought claims in the District of Massachusetts' is ironic, in light of that fact that Ascion was the one who forced [Ruoey Lung], involuntarily, to litigate this case there.  Clearly, however.[sic] [Ruoey Lung] is a defendant vis-à-vis the District of Massachusetts."  (Ex. D, email dated Sept. 17, 2010.) Accordingly, Ruoey Lung contends "there is a general presumption that a defendant's deposition will be held in the district of the defendant's residence and the burden is placed on the noticing of deviating from this presumption."  (Id.)

Conspicuously, Ruoey Lung ignores the case caption which identifies it as a "plaintiff" and the fact that it affirmatively brought claims against Tempur-Pedic, Apex, and Optima in the United States (in the District Court for the Central District of California).  (D.I. 29, Ex. B, at 2.) Although that case was transferred to this Court under the first-to-file rule, it does not erase the fact that Ruoey Lung has availed itself of the Unites States Federal Court System and now maintains and pursues its suit, as a plaintiff, here in Boston.  If Ruoey Lung wishes to dismiss its suit against Ascion to avoid its legal obligation to appear for a deposition here, Ascion would be willing to consider such a compromise.

Even if Ruoey Lung could be considered a "defendant" that is entitled to a presumption that its deposition should be taken where it resides (which it should not), such a presumption would be overcome by the fact that Ruoey Lung has availed itself of the United States Federal Court System (as well as conducted business here) ***and contracted with a Boston-based company, Ascion***.  Otherwise stated, Ruoey Lung cannot pursue claims in the United States District Court for the District of Massachusetts for the purported infringement of a U.S. patent and the breach of a contract it entered into with a Boston-based entity (i.e., Ascion) while simultaneously trying to shield itself from discovery in the United States.  M&C Corp. v. Erwin Behr GMBH & Co., KG, 165 F.R.D. 65, 68 (E.D. Mich. 1996) (denying German Defendant Corporation's motion for a protective order to prevent depositions being taken in the United States, even where that entity did not bring suit in the United States, because it entered into a contract with a U.S. entity:  "Having availed itself of the privileges and protection of this forum's laws, Erwin Behr should expect to answer for its breach of that contract in this forum.").

Moreover, Ruoey Lung does business in the United States and has entered into contractual relations with U.S. entities, including those in Boston.  (E.g., D.I. 14 at 2-4.)  "When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made.  Under such facts, the foreign corporation's agents are frequently compelled for deposition on American soil."  Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ill. 2000).

Finally, it may be extremely difficult legally for Ascion to take depositions in Taiwan, as the Court's authority in Taiwan to oversee the conduct of such depositions is questionable.  Cf. Custom Form, 196 F.R.D. at 336 (compelling Japanese defendants to attend depositions in the

United States – "if the depositions do take place in Japan, this court's authority to intervene, if it should become necessary, is compromised … by sovereignty issues… ."); <u>In re Honda Am. Motor Co., Inc. Dealership Relations Litig.</u>, 168 F.R.D. 535, 539 (D. Md. 1996) ("[I]t would be patently unfair to constrain plaintiffs' ability to discover facts necessary to make their case by allowing Honda Japan's managing agents to be deposed in Japan pursuant to Japanese rules. While the scope of plaintiffs' discovery would necessarily be limited under Japanese law, Honda Japan would have free reign to discover all relevant facts pursuant to the Federal Rules of Civil Procedure.").

This is a U.S., Boston-based litigation, involving a Boston-based defendant, a plaintiff that does business in Boston, and that concerns a U.S. patent and a U.S. contract, and is being voluntarily maintained and pursued in Boston by the plaintiff.  The depositions of plaintiff Ruoey Lung and its officers should occur in the U.S., in Boston.

## II.     RUOEY LUNG CANNOT REFUSE TO ATTEND DEPOSITIONS UNTIL IT HAS COMPLETED TAKING ITS DEPOSITIONS.

By the plain language of the Federal Rules of Civil Procedure, Ruoey Lung cannot unilaterally demand that it first completes its depositions before the other parties in this action begin taking theirs:

> Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
> (A) **methods of discovery may be used in any sequence**; and
> (B) **discovery by one party does not require any other party to delay its discovery**.

Fed. R. Civ. P. 26(d) (emphasis added).  It is black letter law that "under the Federal Rules a discovery priority is not established based upon which party notices a deposition … first" <u>Meisch v. Fifth Transoceanic Shipping Co., Ltd.</u>, No. 94-0683, 1994 WL 582960, at *1 (S.D.N.Y. Oct. 21, 1994).  Indeed, the so-called "priority rule" that Ruoey

Lung purports to rely upon was ***abolished in 1970***.  Occidental Chem. Corp. v. OHM

Remediation Serv.,  168 F.R.D. 13, 14 (W.D.N.Y. 1996) ("[T]he priority rule, which

conferred priority on the party who first served notice of taking a deposition, was

abolished by Fed. R. Civ. P. 26(d) in 1970").

Accordingly, the Court should compel Ruoey Lung to attend its 30(b)(6)

deposition, as well as the depositions of three of its officers, without regard to the order in

which deposition notices were served.  See Pardee v. E.I. DuPont De Nemours and Co.,

No. 07-0268, 2008 WL 907367, at *3 (W.D.N.Y. Mar. 31, 2008) (granting motion to

compel attendance at depositions: "The Court does not find any justification for

defendant's request to depose plaintiff before plaintiff is permitted to depose DuPont's

corporate representative.").

## CONCLUSION

For all the reasons set forth above, Ascion respectfully requests the Court compel Ruoey

Lung to (1) produce Ruoey Lung's Rule 30(b)(6) witness or witnesses, and its corporate officers,

for depositions in Boston, Massachusetts, and (2) allow the scheduling of depositions of Ruoey

Lung and its officers without regard to when Ruoey Lung's depositions of Ascion's witnesses

occur.

Considering the pressure Ruoey Lung is putting on Ascion to schedule depositions, and

Ruoey Lung's refusal to appear for depositions until Ascion's depositions have completed,

expedited relief on this motion (and the parties' joint stipulation and request to modify the

scheduling order (D.I. 114)) is requested.

Dated:  September 24, 2010                    Respectfully submitted,

                                              /s/ John L. Strand
                                              Michael A. Albert (BBO # 558566)
                                              malbert@wolfgreenfield.com
                                              Allen S. Rugg (BBO # 674484)
                                              arugg@wolfgreenfield.com
                                              John Strand (BBO #654985)
                                              jstrand@wolfgreenfield.com
                                              Eric G. J. Kaviar (BBO # 670833)
                                              ekaviar@wolfgreenfield.com
                                              WOLF, GREENFIELD & SACKS, P.C.
                                              600 Atlantic Avenue
                                              Boston, Massachusetts 02210
                                              617.646.8000 phone
                                              617.646.8646 facsimile

                                              COUNSEL FOR ASCION, LLC, and MR.
                                              MARTIN RAWLS-MEEHAN


## CERTIFICATE OF SERVICE

        I certify that this document is being filed through the Court's electronic filing system,
which serves counsel for other parties who are registered participants as identified on the Notice
of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are
being served by first class mail on the date of electronic filing.


                                              /s/ John L. Strand

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP.,<br><br>     Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>    Defendants. | **Civil Action No. 09-CV-11550-GAO** |
| ASCION, LLC and<br>MARTIN RAWLS-MEEHAN,<br><br>    Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH,<br><br>    Defendants. | Civil Action No. 09-CV-10293-WGY<br>Consolidated with the above action |

## <u>NOTICE OF DEPOSITION OF LUNG-TAN SHIH</u>

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Ascion, LLC and Martin Rawls-Meehan will take the oral deposition of Lung-Tan

Shih on September 29 and 30, 2010 at 9:30 a.m. each day at Wolf, Greenfield & Sacks, P.C., 600

Atlantic Avenue, Boston, Massachusetts, or at such other time and location mutually agreed

upon by counsel in writing. The deposition will be recorded by stenographic and audiovisual

means, with use of a RealTime transcript. You are invited to attend and participate.

1

2085848.2

ASCION, LLC and
MARTIN RAWLS-MEEHAN

By their attorneys,

Dated:  September 14, 2010

/s/ John L. Strand_____
Allen S. Rugg (BBO # 674484)
arugg@wolfgreenfield.com
Michael A. Albert (BBO # 558566)
malbert@wolfgreenfield.com
John L. Strand (BBO# 654985)
jstrand@wolfgreenfield.com
Eric G. J. Kaviar (BBO # 670833)
ekaviar@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
617.646.8000 phone
617.646.8646 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010 a copy of the foregoing was served via email on counsel of record for the parties identified in the caption.

/s/ John Strand_____

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>        Defendants. | **Civil Action No. 09-CV-11550-GAO** |
| ASCION, LLC and<br>MARTIN RAWLS-MEEHAN,<br><br>        Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH,<br><br>        Defendants. | Civil Action No. 09-CV-10293-WGY<br>Consolidated with the above action |

## NOTICE OF DEPOSITION OF SOPHIA SHIH

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Ascion, LLC and Martin Rawls-Meehan will take the oral deposition of Sophia Shih on October 1, 2010 at 9:30 a.m. at Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts, or at such other time and location mutually agreed upon by counsel in writing. The deposition will be recorded by stenographic and audiovisual means, with use of a RealTime transcript.  You are invited to attend and participate.

1

ASCION, LLC and
MARTIN RAWLS-MEEHAN

By their attorneys,

Dated: September 14, 2010

/s/ John L. Strand
Allen S. Rugg (BBO # 674484)
arugg@wolfgreenfield.com
Michael A. Albert (BBO # 558566)
malbert@wolfgreenfield.com
John L. Strand (BBO# 654985)
jstrand@wolfgreenfield.com
Eric G. J. Kaviar (BBO # 670833)
ekaviar@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
617.646.8000 phone
617.646.8646 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010 a copy of the foregoing was served via email on counsel of record for the parties identified in the caption.

/s/ John Strand

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>    Defendants. | **Civil Action No. 09-CV-11550-GAO** |
| ASCION, LLC and<br>MARTIN RAWLS-MEEHAN,<br><br>    Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH,<br><br>    Defendants. | Civil Action No. 09-CV-10293-WGY<br>Consolidated with the above action |

## NOTICE OF DEPOSITION OF JACK SHIH

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Ascion, LLC and Martin Rawls-Meehan will take the oral deposition of Mr. Jack Shih on September 27 and 28, 2010 at 9:30 a.m. each day at Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts, or at such other time and location mutually agreed upon by counsel in writing.  The deposition will be recorded by stenographic and audiovisual means, with use of a RealTime transcript.  You are invited to attend and participate.

1

2085817.1

ASCION, LLC and
MARTIN RAWLS-MEEHAN

By their attorneys,

Dated:  September 14, 2010

/s/ John L. Strand_____
Allen S. Rugg (BBO # 674484)
arugg@wolfgreenfield.com
Michael A. Albert (BBO # 558566)
malbert@wolfgreenfield.com
John L. Strand (BBO# 654985)
jstrand@wolfgreenfield.com
Eric G. J. Kaviar (BBO # 670833)
ekaviar@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
617.646.8000 phone
617.646.8646 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010 a copy of the foregoing was served via email on counsel of record for the parties identified in the caption.

/s/ John Strand_____

# EXHIBIT D

**From:**       RichardCauley@WHGCLaw.com

**Sent:**       Friday, September 17, 2010 5:39 PM

**To:**         Strand, John; Franklin E. Gibbs; Victor Cheng; Peter O. Huang

**Cc:**         Bertin, Robert C.; akramer@hrwlawyers.com; Rugg, Allen S.; Albert, Michael; Kaviar, Eric G.;
                Geeta V. Iyer; Erick P. Wolf

**Subject:**    RE: Ascion v. RL - Deposition Notices

**Attachments:** deposition_notice_Teng-an Chang.doc

Sorry – here is the notice.

---

**From:** Richard Cauley
**Sent:** Friday, September 17, 2010 2:36 PM
**To:** 'John Strand'; Franklin E. Gibbs; Victor Cheng; Peter O. Huang
**Cc:** Bertin, Robert C.; akramer@hrwlawyers.com; Rugg, Allen S.; Albert, Michael; Kaviar, Eric G.; Geeta
V. Iyer; Erick P. Wolf
**Subject:** RE: Ascion v. RL - Deposition Notices

Dear John:

I am disappointed that you have unilaterally chosen to make all of your witnesses "unavailable" without
providing dates on which they would be available.   I hope that you do not believe that this strategy will
result in your depositions of our witnesses taking place first, even though they were noticed last.  As I
noted, we will not be producing our witnesses for deposition until the completion of the Ascion
depositions which were issued prior to your deposition notices being issued.

I find your unwillingness to produce witnesses for deposition particularly curious in light of the fact that,
with regard to the one arm-two arm/tampering controversy you complained to the court that that we had
not taken any depositions on this subject. I would have imagined that you would want to clear this issue
up.

We will not be producing our witnesses for depositions in Boston.  We will be producing them in
Taiwan.  Your claim that we "brought claims in the District of Massachusetts" is ironic, in light of that
fact that Ascion was the one who forced RL, involuntarily, to litigate this case there.  Clearly, however.
RL is a defendant vis-à-vis the District of Massachusetts.  As Moore's Federal Practice states, there is a
general presumption that a defendant's deposition will be held in the *district* of the defendant's residence
and the burden is placed on the noticing of deviating from this presumption.  6-2 Moore's Federal
Practice-Civil § 26.105.  Other than the convenience of Ascion's counsel, I see no reason to deviate from
this principle.   As you might note, in our notices, we noticed witnesses for deposition in their place of
residence.

With regard to Jack Shih, we, of course, will not be providing you with an "affidavit" as to his military
service unless required to do so by the court.  We were not, as you imply, refusing to produce him for
deposition.  We were only stating that we cannot predict his availability for deposition at this time and
that his availability may be limited.

Our deposition notice for Heng Tai Chang was a typographical error.  It should have been for Tony
Chang – a corrected notice is attached.

With regard to Wei Lin, I have never, in the past 30 years, had to issue a subpoena to take the deposition
of an employee of a party (nor seen anyone else do so, either).  However, if you refuse to produce her for
deposition without a subpoena, I assume that you will accept service on her behalf.

With regard to TempurPedic, please let me know how soon we will begin getting any documents.  I do not see why it should take another six weeks to complete this production, especially in light of the fact that you have had these requests for many months.  We can discuss the depositions in light of this very belated production.

Also, when will we be getting the rest of your documents, i.e. the design and financial documents?  We have been waiting for them for a month.

Your proposal regarding the timing of opinion letters is fine.

Let me know when you are available next week to talk.

Richard

---

**From:** John Strand [mailto:John.Strand@WolfGreenfield.com]
**Sent:** Wednesday, September 15, 2010 8:09 PM
**To:** Richard Cauley; Franklin E. Gibbs; Victor Cheng; Peter O. Huang
**Cc:** Bertin, Robert C.; akramer@hrwlawyers.com; Rugg, Allen S.; Albert, Michael; Kaviar, Eric G.
**Subject:** RE: Ascion v. RL - Deposition Notices


Richard –

Please provide us with legal authority to support your contention that Ruoey Lung does not need to "produce any of our witnesses for deposition until the conclusion of the Ascion depositions previously noticed."

In addition, we understand that Lung-Tan Shih, Sophia Shih, and Jack Shih are all officers and managers of Ruoey Lung.  You should be aware that, as officers of Ruoey Lung, they are compelled to appear in Massachusetts for the depositions under Rule 45.  *Allstate Imaging, Inc. v. First Independence Bank*, No. 08-cv-11363, 2010 WL 1524037 at *1 (E.D. Mich. April 15, 2010) (subpoenas of high level employees of a party are not subject to the 100 mile travel limitation); *Marine Polymer Techs. Inc. v. HemCon, Inc.*, No. 06-cv-100, 2010 WL 1417646 at *2 (D.N.H. April 5, 2010) (denying motion to quash subpoena based on 100-mile rule where party seeking to quash failed to prove individual was not "a party's officer").   Indeed, Lung-Tan Shih is not only an officer and manager, he – like Ruoey Lung – is a party to this action which provides another basis for compelling attendance in Massachusetts.  In short, this case is pending in Massachusetts, your clients have brought claims in Massachusetts, they must appear for depositions in Massachusetts.  Accordingly, please confirm that the noticed witnesses and designee(s) will appear in Boston; and if you maintain that they will not, please state the basis for your position

Furthermore, please provide more information regarding your contention that "Jack Shih is presently serving in the Taiwan military, so we cannot give any indication when we will be able to produce him for deposition at all."  In particular, please provide his title and rank; a description of the nature, duration, and status of his service; the location of where he is stationed (or is currently residing); and the legal authority that supports his service exempts him from being produced for a deposition.  Also, please note we may need Jack Shih to execute an affidavit, testifying to such facts.

As your email below suggests, many of the deposition dates Ruoey Lung recently noticed will not work for the noticed deponents.  In particular, the individuals needed for the following deposition are unavailable on the noticed dates:

·   Ascion – Noticed for 10/1/10 at 10:00 a.m. at Griesinger, Tighe and Maffei, 176 Federal St., Boston

·   Rawls-Meehan – Noticed for 9/30/10 at 10:00 a.m. at Griesinger, Tighe and Maffei, 176 Federal St., Boston

·   Rick Gifford – Noticed for 9/27/10 at 10:00 a.m. at Griesinger, Tighe and Maffei, 176 Federal St., Boston

·   Wei Lin – Noticed for 9/29/10 at 10:00 a.m. at Griesinger, Tighe and Maffei, 176 Federal St., Boston

·   Bob Rizzitano – Noticed for 9/28/10 at 10:00 a.m. at Griesinger, Tighe and Maffei, 176 Federal St., Boston

Moreover, We Lin is not an officer of Ascion.  Please provide your legal basis for noticing her deposition, in particular without a subpoena.

In addition, Ascion notes that you have served on it a notice of deposition for Heng Tai Chang; however, it is unclear under what power and method Ruoey Lung intends to take this third-party deposition.  Indeed, it does not appear Ruoey Lung has served a subpoena on Heng Tai Chang.  As such, we assume this deposition will not proceed.

Additionally, we note you have noticed Tempur-Pedic's deposition for 10/12/10; however, Tempur-Pedic's document production will not be complete by that date (nor are we sure at this time whether a representative will be available on that date).  It would make more sense to schedule this deposition after document production has been completed.

As you also know, Ruoey Lung, Lung-Tan Shih, Ascion, and Rawls-Meehan have not agreed upon a deadline by which opinions of counsel, intended to be relied upon, must be produced – although the parties did propose different dates.  Ruoey Lung previously proposed that Ascion and Rawls-Meehan could produce opinions of counsel 28 days before the deadline for exchange of opening expert reports (otherwise calculated as 2 days after the Markman ruling).  We now propose that Ascion and Rawls-Meehan will produce opinions of counsel they intend to rely on five business days after the Court issues its Markman ruling.  Please confirm whether this is acceptable.

Please provide us with some times that you are available early next week to confer further on these points.

John

---

**From:** Richard Cauley [mailto:RichardCauley@WHGCLaw.com]
**Sent:** Wednesday, September 15, 2010 2:31 PM
**To:** Strand, John; Franklin E. Gibbs; Victor Cheng; Peter O. Huang
**Cc:** Bertin, Robert C.; akramer@hrwlawyers.com; Rugg, Allen S.; Albert, Michael; Kaviar, Eric G.
**Subject:** RE: Ascion v. RL - Deposition Notices

John:

We received your deposition notices and observed that you have noticed the depositions of our clients, residents of Taiwan, for Boston.  We will not, of course, be producing these individuals, or the 30(b)(6) designee, in Boston, but will only produce them in Taiwan.  Additionally, Jack Shih is presently serving in the Taiwan military, so we cannot give any indication when we will be able to produce him for deposition at all.

Also, we will not produce any of our witnesses for deposition until the conclusion of the Ascion depositions previously noticed.

Please let me know what dates your people will be available for their depositions in Boston.

Richard



**Richard Cauley**
**Wang, Hartmann, Gibbs & Cauley, P.L.C.**
Attorney at Law
2570 W. El Camino Real, Suite 440
Mountain View, CA  94040

Tel 650.209.1230
Fax 650.209.1231
richardcauley@whgclaw.com

CONFIDENTIAL INFORMATION
This email is intended only for the use of the person or entity to whom it is addressed and contains information that may be subject to the attorney-client privilege, the work-product protection, and/or may be restricted from disclosure by applicable state and federal law.  If you are not the intended recipient of this email, be advised that any disclosure, copy, distribution or use of the contents of this message is strictly prohibited.  If you are not the intended recipient of this email, please notify the sender that you have received this in error by replying to this message.  Then, please delete it from your system.  Thank you.

**From:** John Strand [mailto:John.Strand@WolfGreenfield.com]
**Sent:** Tuesday, September 14, 2010 3:32 PM
**To:** Richard Cauley; Franklin E. Gibbs; Victor Cheng; Peter O. Huang
**Cc:** Bertin, Robert C.; akramer@hrwlawyers.com; Rugg, Allen S.; Albert, Michael; Kaviar, Eric G.
**Subject:** Ascion v. RL - Deposition Notices

Counsel:

Please find attached deposition notices for Lung-Tan Shih, Jack Shih, Sophia Shih, and Rouey Lung.

As we had previously discussed, we are willing to discuss other dates on which to hold these depositions if the deponents are not available on the currently noticed dates.

Best,

John

**John L. Strand**
john.strand@wolfgreenfield.com
direct dial 617.646.8229
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax