UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP.,<br><br>    Plaintiff,<br><br>  v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC., TEMPUR-PEDIC SALES, INC., TEMPUR-PEDIC NORTH AMERICA LLC, OPTIMA HEALTHCARE, INC., and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>    Defendants. | Civil Action No. 09-CV-11550-GAO |
| ASCION, LLC AND MARTIN RAWLS-MEEHAN,<br><br>    Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP. AND LUNG-TAN SHIH<br><br>    Defendants. | Civil Action No. 09-CV-10293-WGY<br><br>Now Consolidated With the Action Above |

**OPPOSITION OF APEX HEALTH CARE MANUFACTURING, INC. AND OPTIMA HEALTHCARE, INC. TO ROUEY LUNG ENTERPRISE CORP.'S <u>MOTION TO COMPEL</u>**

Defendants Apex Health Care Manufacturing, Inc. ("Apex") and Optima Healthcare, Inc. ("Optima") oppose the Motion to Compel Apex Health Care Manufacturing, Inc and Optima Healthcare, Inc. to Respond Without Objections to Interrogatories and Requests for Production ("the Motion") of Ruoey Lung Enterprise Corp. ("Ruoey Lung") on the ground that it is now moot because Apex and Optima today served written responses to Ruoey Lung's interrogatories and requests for production. The delay was due to serious health issues faced by Apex's and Optima's attorney (which resulted in major surgery on August 31, 2010). While the delay was

unfortunate, Ruoey Lung has suffered no prejudice as a result since it has already received from other parties in this litigation nearly all the information it requested from Apex and Optima. The bottom line is that when Apex's and Optima's attorney requested an extension to respond due to health problems in June, Ruoey Lung should have granted it. Instead, after not responding for ten days, Ruoey Lung used the situation to attempt to gain an unfair advantage. If it had extended a simple and usual courtesy when requested to do so in June, this entire issue would have been resolved then without resort to the court.

## BACKGROUND

This case primarily concerns a dispute over the patent rights to the design of certain adjustable beds that Apex and Optima manufactured in Taiwan. Apex and Optima manufacture beds on a contract basis, including some sold to Defendants Tempur-Pedic Int'l, Inc., Tempur-Pedic Sales, Inc., and Tempur-Pedic North America, LLC (collectively, "Tempur-Pedic"). Ascion, LLC (Ascion) controls the design of the accused beds, provides various support services, and helps supply to various entities the beds Apex and Optima manufacture. After Ascion and its managing member, Martin Rawls-Meehan, brought suit against Ruoey Lung and others for, *inter alia*, correction of inventorship on the patent, Ruoey Lung brought suit against Apex and Optima for infringement. The cases are now consolidated for discovery and trial.

On May 13, 2010, Ruoey Lung propounded interrogatories and requests for production on Apex and Optima. Affidavit of Andrea C. Kramer ("Kramer Aff.") at ¶2. The document requests (of which there were 97) and the interrogatories (of which there were 10 numbered interrogatories that consisted of 30 independent subparts) were largely duplicative of the documents requests and interrogatories Ruoey Lung had served on Ascion, Mr. Rawls-Meehan, and Tempur-Pedic. Ruoey Lung had received responses to that discovery before it served its

duplicative discovery requests on Apex and Optima. As the originator for the designs of these beds, Ascion is in control of all relevant information regarding their development and manufacture.

Around 2:00 p.m. PDT on June 14, 2010, the day before the responses were due, counsel for Apex and Optima contacted counsel for Ruoey Lung and explained that she had been dealing with serious health issues and therefore needed an extension. Kramer Aff. at ¶3. She informed Ruoey Lung's counsel that she believed she could finish the responses within a week or two. Ruoey Lung's counsel said he was not authorized to grant an extension because he had not reached his client and would follow up with Apex & Optima's counsel after he spoke with his client. *Id.* Ruoey Lung's counsel in fact did not follow up with Apex & Optima's counsel for ten days, not until June 25 (not June 15 as stated in the Motion (at p. 1)). *Id.* at ¶3, 5. At that point, Ruoey Lung's counsel informed Apex & Optima's counsel that "[a]fter conferring with our clients we are not in a position to give you the extension requested, retroactively or otherwise. Accordingly your clients have waived their objections to those interrogatories and document requests." Kramer Aff., Exhibit A. Nowhere in the letter did Ruoey Lung's counsel request a "meet and confer," contrary to the description of this letter contained in the Motion (at p. 1).

On August 19, 2010, Ruoey Lung's counsel sent Apex & Optima's counsel another letter regarding discovery. Kramer Aff. at ¶9. In this letter, he requested that Apex & Optima's counsel provide before August 25, 2010, a time for a meet and confer. Apex & Optima's counsel was, however, on a family vacation from August 14 through August 25, 2010, and was therefore unable to respond to this letter by the August 25, 2010 deadline. *Id.* at ¶8.

On August 30, 2010, Apex & Optima's counsel responded by letter to Ruoey Lung's counsel, explaining that she was scheduled for major surgery the next day. *Id.* at ¶10. She added that she would nevertheless attempt to finalize the responses in short order and would make herself available for a meet and confer on September 7, 2010, one week after the surgery. *Id.*

On August 31, 2010 Apex & Optima's counsel had surgery. *Id.* at ¶11. She remained out of work full-time through September 21, 2010, and since then has returned only part-time, though her doctor has advised that she remain out of work until October 11, 2010. *Id.* at ¶10 & Exhibit B.

Still trying to work in good faith with Ruoey Lung's counsel, despite Ruoey Lung's attempts to use her health condition as an advantage, Apex & Optima's counsel participated from home in a telephone conference with Ruoey Lung's counsel on September 7, 2010. *Id.* at ¶12.

On September 24, 2010, Apex & Optima served their responses, including objections, to Ruoey Lung's written discovery. *Id.* at ¶13.

## ARGUMENT

Since Apex & Optima have served responses to the document requests and interrogatories during the pendency of the Motion, the motion to compel is moot. The only issue that remains, therefore, is whether Apex & Optima waived their objections.

As a preliminary matter, the issue of whether Apex & Optima waived legitimate objections is premature. In their responses to interrogatories, Apex & Optima provided significant information, and they have stated that they will produce large amounts of documents in response to the document requests. It may be that Ruoey Lung will not find the information Apex & Optima provided to be lacking. Moreover, given that Apex & Optima have provided information (and will be producing documents), it is unclear what an order that they waived their

4

objections would accomplish.  Such an order on its own, without reference to specific responses that Ruoey Lung believes are lacking, would not provide Apex & Optima with any guidance as to what additional information they need to provide.  As such, the most logical, and efficient, course would be for Ruoey Lung to review the responses, then confer with Apex & Optima's counsel about any additional information to which it believes it is entitled, and then address any remaining issues with the Court, at which time it can raise the waiver issue, as was done in the cases cited by Ruoey Lung in the Motion.  That course makes the most sense also because even if the Court were to find waiver, which it should not, it still has discretion to decline to compel production of requested documents even if timely objection had not been made.  *See, e.g., Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (declining to compel production where requests were beyond bounds of fair discovery); *Shenker v. Sportelli,* 83 F.R.D. 365, 367 (E.D. Pa. 1979) (declining to order production of completely irrelevant information, notwithstanding defendant's failure to timely object); *RE/MAX Intern., Inc. v. Trendsetter Realty, LLC*, No. 07-2426, 2008 WL 2036816, at *6-7 (S.D. Tex. May 9, 2008) (refusing to compel production where request was grossly overbroad and refusing to find waiver of privilege despite finding no good cause for failure to file timely objections); *Byrd v. Reno,* No. 96-2375, 1998 WL 429676 at *4, 6 (D.D.C. Feb.12, 1998) (refusing to compel production of irrelevant information on ground that objections as to relevancy are not waived by failure to timely object and an alternate rule would lead to "absurd results").

As to the issue of waiver, the Court should not find that Apex & Optima waived their objections to Ruoey Lung's interrogatories and requests for production.  With regard to responses to interrogatories, the Federal Rules of Civil Procedure provide that "[a]ny ground not stated in a timely objection is waived *unless the court, for good cause, excuses the failure*."  Fed.

R. Civ. P. 33(d)(4).  With respect to objections to document requests, although Rule 34 of the Federal Rules of Civil Procedure is silent on the issue of waiver, waiver appears to be more in the nature of a sanction for more egregious conduct, and courts have held that the rule is that a party who fails to make a timely objection "may" be held to have waived his objections but the waiver is not compelled.  *See Scaturro v. Warren and Sweat Mfg. Co., Inc.*, 160 F.R.D. 44, 46 (M.D. Pa. 1995) (distinguishing *Marx v. Kelly, Hart & Hallman, P.C.,* 929 F.2d 8 (1st Cir.1991));  *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F.Supp.2d 83, 91 (D.D.C. 2005) (declining to compel production or bar the plaintiff from asserting objections even though plaintiff failed to timely respond to defendant's requests where defendant suffered no prejudice by delay and plaintiff did not demonstrate pattern of misconduct warranting relatively harsh punishment sought).

Apex & Optima have shown good cause for failing to serve objections with the 30 days set by the Federal Rules: Their counsel requested an extension from Ruoey Lung's counsel before the deadline (unlike in the cases cited in the Motion) and did so for a legitimate reason, a serious health issue that ultimately resulted in surgery.  *See, e.g., Byrd v. Reno,* No. 96-2375, 1998 WL 429676 at *6 (D.D.C. Feb.12, 1998) (finding medical emergency to be good cause)  This is not a situation in which Apex & Optima have simply ignored discovery.  They sought an extension that is usually granted, and they have since provided responses to the 30 interrogatory subparts and 97 document requests that were propounded.  They are willing to work with Ruoey Lung's counsel to address any issues that remain concerning information Ruoey Lung identifies that it needs beyond the significant amount of information already provided (and to be provided through document production).

## CONCLUSION

For the foregoing reasons, the Court should deny Ruoey Lung's Motion to Compel in its entirety.

Apex Health Care Manufacturing, Inc. and
Optima Healthcare, Inc.,
By their counsel,

/s/ Andrea C. Kramer
Andrea C. Kramer (BBO# 632584)
HIRSCH ROBERTS WEINSTEIN LLP
Two Park Plaza, Suite 610
Boston, MA  02116-3902
617-348-4300

Dated:  September 24, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2010, a true and accurate copy of the foregoing document was served by filing on the Electronic Court Filing system on the following:

| | |
|---|---|
| Richard F. Cauley<br>Franklin E. Gibbs<br>Jennifer L. Ishimoto<br>Wang, Hartmann, Gibbs, & Cauley P.C.<br>1301 Dove Street, Suite 1050<br>Newport Beach, CA 92660<br><br>Scott McConchie<br>Griesinger, Tighe & Maffei, Llp<br>176 Federal Street<br>Boston, MA 02110 | Allen S. Rugg<br>Michael A. Albert<br>Eric G. J. Kaviar<br>John Strand<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br><br>Robert C. Bertin<br>Bingham McCutchen LLP<br>2020 K Street, N.W.<br>Washington, DC 20006 |

/s/ Andrea C. Kramer
Andrea C. Kramer