UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP., <br><br> Plaintiff, <br><br> v. <br><br> TEMPUR-PEDIC, INTERNATIONAL INC., TEMPUR-PEDIC SALES, INC., TEMPUR-PEDIC NORTH AMERICA LLC, OPTIMA HEALTHCARE, INC., and APEX HEALTH CARE MANUFACTURING, INC., <br><br> Defendants. | Civil Action No. 09-CV-11550-GAO |
| ASCION, LLC AND MARTIN RAWLS-MEEHAN, <br><br> Plaintiffs, <br><br> v. <br><br> RUOEY LUNG ENTERPRISE CORP. AND LUNG-TAN SHIH <br><br> Defendants. | Civil Action No. 09-CV-10293-WGY <br><br> Now Consolidated With the Action Above |

**AFFIDAVIT OF ANDREA C. KRAMER IN SUPPORT OF
OPPOSITION OF APEX HEALTH CARE MANUFACTURING, INC.
AND OPTIMA HEALTHCARE, INC.  TO ROUEY LUNG ENTERPRISE CORP.'S
MOTION TO COMPEL**

I, Andrea C. Kramer, hereby depose and state as follows:

1. I am a partner at the law firm of Hirsch Roberts Weinstein LLP.  My firm and I represent Defendants Apex Health Care Manufacturing, Inc. ("Apex") and Optima Healthcare, Inc. ("Optima") in the above-captioned matter.  I submit this Affidavit in support of their opposition to the Motion to Compel of Plaintiff Ruoey Lung Enterprise Corp. ("Ruoey Lung")

2. On May 13, 2010, Ruoey Lung propounded interrogatories and requests for production on Apex and Optima.

3. Around 2:00 p.m. PDT on June 14, 2010, the day before the responses were due, I contacted counsel for Ruoey Lung and explained that I had been dealing with serious health issues and therefore needed an extension. I informed Ruoey Lung's counsel that I believed I could finish the responses within a week or two. Ruoey Lung's counsel called back a little while later and said that he was not authorized to grant an extension because he had not reached his client. He said he would follow up with me. I assumed he would call back later that day or the next granting the extension. I did not, however, hear back from Ruoey Lung's counsel that day or anytime in the next week.

4. I had begun to experience the serious health issue to which I referred, severe anemia, in the beginning of April 2010. In early May, my blood count was so low, I was nearly hospitalized. The effect of this condition was exhaustion and an inability to work full-time.

5. On June 25, I received a letter by email from Ruoey Lung's counsel stating that "[a]fter conferring with our clients we are not in a position to give you the extension requested, retroactively or otherwise. Accordingly your clients have waived their objections to those interrogatories and document requests." A true and accurate copy of the email and accompanying letter are attached as <u>Exhibit A.</u>

6. In the meantime, on June 16, 2010, counsel received notice from the court in another case then pending in Federal District Court for the District of Massachusetts, Kuchera v. PAREXEL, Inc., 1:07-cv-10815-NMG, that it had denied the defendant's motion for summary judgment and the two-week trial scheduled for July 26, 2010 would be going forward. From then through July 9, 2010, when the case settled, I worked full-time, including most weekends, preparing for trial, to the extent I was able as my medical situation was improving.

7. Thereafter, I spent the next two weeks preparing for a two-day trial in state district court in a case also scheduled for trial on July 26, 2010, Crystal v. 25 Fairmont Condominium Trust, 0852CV657. At the end of the day on Friday, July 23, 2010, the court informed the parties that the trial would have to be rescheduled due to lack of court personnel.

8. On August 15, 2010, I left on a family vacation, traveling to bring my son to college in Atlanta, Georgia. I returned to work on Thursday, August 26, 2010.

9. On August 19, 2010, I received another letter from Ruoey Lung's counsel regarding discovery. In this letter, he requested that I provide him before August 25, 2010, a time for a meet and confer. I was unable to respond to this letter by the August 25, 2010 deadline because I was on vacation.

10. On August 30, 2010, I responded by letter to Ruoey Lung's counsel's letters, apologizing for the delay but explaining that I was scheduled for major surgery the next day. The surgery was to address the cause of the bleeding that led to the anemia. I added that I would nevertheless attempt to finalize the responses in short order and would make myself available for a meet and confer on September 7, 2010, one week after the surgery.

11. On August 31, 2010 I had surgery. I remained out of work full-time through September 21, 2010. Since then I have returned only part-time, though my doctor has advised me to remain out of work until October 11, 2010. A true and accurate copy of the letter from Dr. Loughridge is attached as <u>Exhibit B</u>.

12. On September 7, 2010 I participated from home in a telephone conference with Ruoey Lung's counsel.

13. On September 24, 2010, Apex & Optima served their responses, including objections, to Ruoey Lung's written discovery.

Signed under the pains and penalties of perjury this 24th day of September, 2010.

/s/ Andrea C. Kramer_____
Andrea C. Kramer

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2010, a true and accurate copy of the foregoing document was served by filing on the Electronic Court Filing system on the following:

Richard F. Cauley
Franklin E. Gibbs
Jennifer L. Ishimoto
Wang, Hartmann, Gibbs, & Cauley P.C.
1301 Dove Street, Suite 1050
Newport Beach, CA 92660

Scott McConchie
Griesinger, Tighe & Maffei, Llp
176 Federal Street
Boston, MA 02110

Allen S. Rugg
Michael A. Albert
Eric G. J. Kaviar
John Strand
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210

Robert C. Bertin
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC 20006

/s/ Andrea C. Kramer_____
Andrea C. Kramer