IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASCION, LLC and MARTIN RAWLS-MEEHAN,<br><br>    Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH,<br><br>    Defendants. | **Civil Action No. 09-11550-GAO**<br><br>(Consolidated with Civil Action No. 09-10293-WGY) |
| RUOEY LUNG ENTERPRISE CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>    Defendants. | |

**RUOEY LUNG ENTERPRISE CORP.'S OPPOSITION TO ASCION'S MOTION TO COMPEL RUOEY LUNG'S ATTENDANCE AT DEPOSITION**

Ruoey Long Enterprise Corporation ("RL") opposes Ascion's motion to compel RL to (1) produce RL's Rule 30(b)(6) witness or witnesses, and its corporate officers, for depositions in Boston, Massachusetts, and (2) allow the scheduling of depositions of RL and its officers without regard to when RL's depositions of Ascion's witnesses occur. Ascion's Motion should be denied for the various reasons laid out below.

# I. ARGUMENT

Ascion has propounded a Rule 30(b)(6) corporate deposition notice on RL, as well as individual deposition on RL employees Lung-Tan Shih, Sophia Shih, and Jack Shih (collectively "the four RL deponents").[1] The RL deponents have indicated that they must be deposed in Taiwan as they are undisputably citizens and residents of Taiwan, and extraordinary circumstances indicate that the fair resolution would be to have their depositions occur in Taiwan. Lung-Tan Shih Affidavit, Sophia Shih Affidavit, Jack Shih Affidavit. Ascion has demanded that the depositions be taken in the United States but there is no basis for such a demand (as shown below).

## A. Witness Jack Shih Is A Taiwanese Resident And Citizen (And Currently A Third Party) Who Currently Has Extraordinary Taiwanese Legal Obligations Which Support Having His Deposition In Taiwan

Jack Shih has extraordinary circumstances which must be considered. As an initial matter, he is a citizen of the Republic of China (Taiwan) and a resident of Taiwan. Affidavit of Jack Shih ("Jack Shih Aff.") ¶ 1.

In addition, it is compulsory in Taiwan for all healthy men to complete a term of military service. Jack Shih Aff. ¶ 2. Draftees in poor health or with special skills may apply for substitute

---

[1] RL currently believes that its Rule 30(b)(6) deponent will be Lung-Tan Shih for all designated topics. In any event, the RL 30(b)(6) designee for all the topics will be drawn from Lung-Tan Shih, Sophia Shih, and Jack Shih.

1

service in lieu of military service according to Taiwanese law. Jack Shih Aff. ¶ 2. Substitute service still involves a short period of basic military training. Jack Shih Aff. ¶ 2. After completing the basic military training, the draftees are placed in administrative departments or other organizations designated by the Taiwanese government. Jack Shih Aff. ¶ 2.

Jack Shih is currently serving as an Alternative Service Draftee in the Changhua County Cultural Affairs Bureau. Jack Shih Aff. ¶ 3. He has provided a true and correct copy of his ID which indicates that he is serving the substitute service and that his service will end on April 30, 2011. Jack Shih Aff. ¶ 3.

According to Taiwanese law, however, the ability of draftees to leave Taiwan before they fully complete their service is highly regulated and highly restricted. Jack Shih Aff. ¶ 4.

Moreover, Jack Shih is normally required to stay in a dormitory except on weekends. Jack Shih Aff. ¶ 5. His supervisors routinely call muster for service draftees like Jack Shih, and thus he normally has to report to them on time and in person on a daily basis except on weekends. Jack Shih Aff. ¶ 5. Therefore, appearing for deposition will be a burden on him unless his deposition is held on Saturdays and Sundays in Taiwan, or until he completes his service on April 30, 2011. Jack Shih Aff. ¶ 5.

Clearly Jack Shih's compulsory service constitutes an extraordinary circumstance and an unusual burden. This alone justifies holding his deposition in Taiwan on a weekend as discussed above.

Furthermore, and perhaps even more importantly, Jack Shih is currently not even an employee of RL due to his compulsory service. Jack Shih Aff. ¶ 6. Under Taiwanese law, a person serving compulsory service may not simultaneously have additional employment and as a result he currently is not an employee of RL. Jack Shih Aff. ¶ 6.

Technically, a foreign Taiwanese third-party like Jack Shih should be compelled by letter rogatory to appear for deposition as Taiwan is not a signatory to the Hague Convention. Avago Technologies General IP Pte Ltd. v. Elan Microelectronics Corp. 2007 WL 1140450, *2 (N.D. Cal. April 17, 2007). There is no evidence that Ascion has properly taken the letter rogatory option.

Therefore, RL respectfully requests that the Court to grant relief as to Jack Shih (consistent with the above analysis) in the interests of comity and fairness, and not compel his deposition in Boston.

**B. The RL Witnesses Should Be Considered Third Parties Or Defendants Whose Choice Of Deposition Forum Should Be Deferred To**

The parties dispute how to characterize the status of Lung-Tan Shih, RL, Sophia Shih, and Jack Shih. It is RL's position that (for the purposes of this Opposition) that:

- Lung-Tan Shih and RL should be considered defendants for the purposes of deposition location analysis, and therefore their choice of deposition of location should be respected.

- Sophia Shih at the very least is a defendant for purposes of deposition location analysis.

- Jack Shih is clearly not a plaintiff and is a third-party whose choice of deposition location should receive particular deference.

A review of the Court's files and the docket indicate that it is indisputable that RL and Lung-Tan Shih (as well any related witnesses) never voluntarily selected this District or Massachusetts as a forum. Ascion and Martin Rawls-Meehan initiated this litigation. On February 26, 2009, Ascion and Martin Rawls-Meehan filed a Complaint for case no. 1:09-cv-10293-GAO in

this District against various defendants including in RL and Lung-Tan Shih. RL and Lung-Tan Shih are therefore defendants for the purpose of this analysis.

Subsequently on June 8, 2009, RL alone filed an entirely separate lawsuit in the Central District of California in case no. 8:09-cv-00675-AG-AN. Ascion successfully moved to transfer that California action to Massachusetts and the California action was transferred by the California court on September 14, 2009, which resulted in the currently pending case no. 1:09-cv-11550-GAO in this District. The Court then subsequently ordered on December 18, 2009 that all filings in the earlier-filed Ascion case be filed going forward in the newer No. 09-11550 action in this District. Since the transfer to Massachusetts, RL and Lung-Tan Shih have been forced to conduct all related litigation in Massachusetts.

The bottom line is that Ascion dragged RL into this District involuntarily, and that none of the four RL deponents should be considered plaintiffs for the purposes of this Motion. By above analysis, RL and Lung-Tan Shih are named defendants. Furthermore, Sophia Shih is not a named party and at the very least should be considered a defendant (or even a third party) for deposition location purposes. And as noted above, Jack Shih is in fact a foreign third-party currently.

**C. There Is No Reasonable Basis To Force Third Parties Or Defendants Who Are Taiwanese Citizens And Residents To Travel To The United States For Deposition**

As noted above, the four potential deponents at the very least should be treated as defendants or third-parties. Furthermore, as discussed above, Jack Shih is a citizen and resident of Taiwan. Similarly, Lung-Tan Shih and Sophia Shih are also citizens and residents of Taiwan. Lung-Tan Shih Affidavit, Sophia Affidavit. In addition, RL itself is incorporated in Taiwan and has its principal place of business in Taiwan. Lung-Tan Shih Affidavit. As discussed below, the law

clearly indicates that normally such foreign residents should be deposed near their place of residence.

The recent of case of In re Outsidewall Tire Litigation, 267 F.R.D. 466, 471-472 (E.D.Va.2010), provides an overview of the relevant law on this issue. "On the other hand, because a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence-as opposed to the judicial district in which the action is being litigated-is typically respected." Id. at 471. "Accordingly, courts have held that defendant-deponents located outside the forum district's subpoena power should ordinarily be deposed near their place of residence absent exceptional or unusual circumstances." Id. (internal quotations omitted, citing Metrex Research Corp. v. United States, 151 F.R.D. 122, 125 (D.Colo.1993); see also O'Sullivan v. Rivera, 229 F.R.D. 187, 189 (D.N.M.2004); Gen. Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D.Mo.1979). "Indeed, insofar as a foreign defendant may be more inconvenienced by having to travel to the United States than a defendant who merely resides in another state or in another judicial district, the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger." Id. (citing Farquhar v. Shelden, 116 F.R.D. 70, 73 (E.D.Mich.1987) [requiring deposition of Dutch defendant to take place in Netherlands]).

Similarly, "courts have generally recognized a presumption that Rule 30(a)(1) or 30(b)(6) depositions of a foreign defendant corporation's officers or managing agents should be taken at the corporation's principal place of business." Id. (citing various authority in footnote 10). "Further support for the presumption in the corporate context is the added potential for undue burdens on a corporation owing to the fact that unlike an individual defendant, a corporate defendant is subject to multiple depositions pursuant to Rules 30(a)(1) and 30(b)(6)." Id. at 472. "Accordingly, a foreign

corporation's Rule 30(b)(6) and managing agent witnesses should presumptively be deposed in the district of the corporation's principal place of business." Id., see also Salter v. Upjohn Co., 593 F.2d 649, 651-52 (5th Cir.1979). "To be sure, this presumption may be overcome, but only where circumstances exist distinguishing the case from the ordinary run of civil cases." Id.

Clearly, Taiwanese residents Lung-Tan Shih, Sophia Shih, Jack Shih, and RL should all be deposed in Taiwan as defendants or third-parties. Ascion has not shown otherwise.

**D. Ascion Has Failed To Demonstrate Valid Reasons To Hold The Depositions In Boston**

First, Ascion attempts to mischaracterize the four potential deponents as plaintiffs for the purposes of this Motion. Again, this is clearly incorrect as to third-party Jack Shih as he is fulfilling his compulsory service requirements. It is also incorrect as to the other RL deponents as discussed above.

It is irrelevant that RL has merely brought a lawsuit in the United States. As discussed above, said lawsuit was not filed in this District or Massachusetts. Quite the contrary, Ascion first filed suit in Massachusetts and then forced RL's California action to be transferred to this District. RL and its witnesses did not select this District as a forum and thus should be treated as defendants for the purpose of this Motion.

Ascion also claims that it is somehow burdensome for them to travel to Taiwan. It should be noted that Ascion has not provided any affidavits or other evidence to support their position. (Lung-Tan Shih, Sophia Shih, and Jack Shih all provided affidavits showing it is burdensome for them to travel to Boston for deposition for various reasons).

Ascion cites to various distinguishable authority. None of those cases involve the extraordinary facts of this case, where a foreign entity located thousands of miles from the United States was dragged involuntarily via a motion to transfer into a district that the foreign entity did

not select. None of Ascion's cited authority involves a case where one of the foreign entity's so-called employees was in fact a third party who was serving compulsory service in the foreign country of his residence.

Ascion also makes the argument that RL can dismiss its claims against Ascion. That is an utterly unfair demand. Again, by above analysis, RL's choice of deposition forum should be deferred to due to the involuntary nature of its appearance in this District and Jack Shih's compulsory service.

Ascion makes much of the fact that RL has done business with Massachusetts-based Ascion. This is irrelevant as the converse argument can be made with equal force or greater force: that Ascion should be compelled to take depositions in Taiwan as Ascion indisputably has contracted and done business with Taiwan-based RL, as well as other Taiwanese companies such as Apex and Optima which are involved in this set of litigation.

Ascion seems to take the extraordinary position that simply doing business with or contracting with a U.S. entity somehow automatically creates an obligation to travel to the U.S. for depositions under all circumstances. That is just not correct under the legal analysis presented above. Again, Ascion in reality is obligated to show that circumstances exist distinguishing the case from the ordinary run of civil cases compel deposition in Boston. Ascion simply has not done so.

Contrary to Ascion's assertions, RL is not trying to avoid deposition. It is simply trying to maintain its right to have those depositions in a fair location per the law. It should be noted that RL has not attempted to force Ascion's witnesses to travel involuntarily from the Boston area.

Finally, Ascion has provided absolutely no specific proof that Taiwanese law will somehow impair the conduct of the depositions or that the issues with the Japanese legal system cited by

Ascion have any relevance to Taiwan. It has provided no specific proof that this Court must micromanage the proceedings of those depositions so that they must be conducted in Boston. Again, there is no reason to compel the four RL deponents to appear in Boston.

**E. Extraordinary Circumstances Again Make Taiwan Depositions The Appropriate Solution No Matter The Status Of The RL Witnesses**

The depositions should be held in Taiwan even if the Court considers the four RL deponents as plaintiffs (which the Court should not). RL has shown circumstances exist distinguishing the case from the ordinary run of civil cases that compel depositions in Taiwan.

Again, Jack Shih's ability to travel to the United States for deposition at this time is highly restricted and highly regulated, he is not even currently an RL employee, and he has not been served with a letter rogatory as a third party (as discussed above). It would be utterly unfair to demand that he travel to the United States under the circumstances. If the Jack Shih deposition must occur in Taiwan, then there is no particular burden to have the depositions of all of the four RL deponents in Taiwan.

On the other hand, it would be unreasonably burdensome for the four RL deponents to come to United States as discussed above. Naturally, traveling such a long distance to the United States would be a burden for all of the four RL deponents. Jack Shih's situation as discussed above is particularly difficult. Also, the Affidavit of Sophia Shih indicates that she has severe back pain problems that would make a 20 hour transit from Taiwan to Boston a heavy burden. In addition, the Affidavits of Lung-Tan and Sophia Shih indicate they have pressing overseas business obligations as well. All of these factors point to the fairness of depositions in Taiwan.

**F. The Noticed Depositions Of Ascion Witnesses Should Precede The Noticed Depositions Of RL Witnesses**

It is undisputed that on September 9, 2010, RL noticed various Ascion-related depositions for various entities on various dates. In response, Ascion later on September 14, 2010 noticed various depositions for various entities on various dates.

As a matter of basic fairness, RL should be allowed to proceed with its earlier-noticed depositions first. As respected commentators have noted, notwithstanding other considerations, attorneys usually respect the order in which deposition notices are served. Schwartzer, <u>Federal Civil Procedure Before Trial</u>, 11:1395. In any event the parties are meeting and conferring about dates.

As of the writing of this Opposition, RL's understanding is that this issue has actually been resolved amicably with the parties agreeing that RL will first take certain depositions of certain Ascion witnesses in early November and the parties agreeing to further negotiation as to various other deposition dates. However, in case RL has misinterpreted Ascion's position, RL must continue to insist on priority for the depositions that RL intends to take as to Ascion witnesses.

## CONCLUSION

For the foregoing reasons, RL respectfully requests that the Court deny Ascion's Motion in its entirety.

## REQUEST FOR ORAL ARGUMENT

For the foregoing reasons, RL respectfully requests that the Court schedule a hearing on this Motion.

## LOCAL RULES 7.1(A)2) AND 37.1 CERTIFCATION

Undersigned counsel certifies that he contacted Apex and Optima's counsel in a good faith effort to confer and attempt to resolve or narrow the issues presented in this Motion.

**Respectfully Submitted,**
**RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH**

By their attorneys,

Dated: October 8, 2010

/s/ Richard F. Cauley
Richard F. Cauley (admitted *Pro Hac Vice*)
Franklin E. Gibbs (admitted *Pro Hac Vice*)
**WANG, HARTMANN, GIBBS, & CAULEY P.C.**
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
(949) 833-8483

Scott McConchie (BBO # 634127)
**GRIESINGER, TIGHE & MAFFEI, LLP**
176 Federal Street
Boston, MA 02110
(617) 542-9900
(617) 542-0900 (fax)
*sm@gtmllp.com*

## Certificate of Service

I, Richard F. Cauley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 8, 2010.

/s/ Richard F. Cauley

Richard F. Cauley