IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>    Defendants. | **Civil Action No. 09-CV-11550-GAO**<br><br>**CONSIDERATION REQUESTED FOR 1/5/11 HEARING** |
| ASCION, LLC AND<br>MARTIN RAWLS-MEEHAN<br><br>    Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP.<br>AND LUNG-TAN SHIH<br><br>    Defendants. | Civil Action No. 09-CV-10293-WGY<br>Consolidated with the above action |

**ASCION'S COMBINED MOTION TO COMPEL AND**
**MEMORANDUM OF LAW IN SUPPORT OF THE SAME**

**INTRODUCTION**

Virtually all of the discovery at issue in this motion consists of materials that Ruoey Lung Enterprise Corp. and Lung-Tan Shih (collectively, "Ruoey Lung") promised to provide long ago – admitting that the disputed materials are discoverable. Now, however, Ruoey Lung is refusing to produce those same materials. Although defendants Ascion, LLC and Mr. Martin Rawls-Meehan (collectively, "Ascion") have attempted to work in good faith to resolve these issues, it has reached a point where Ascion will be prejudiced by Ruoey Lung's shifting positions and broken promises without the Court's intervention.

In its Complaint, Ascion pled intentional interference with business relations against Ruoey Lung based on false and defamatory statements Ruoey Lung made to Ascion's customers and potential customers. Accordingly, Ascion requested the correspondence that forms the basis for its claim: all correspondence between Ruoey Lung and its prospective and actual customers. Ruoey Lung initially agreed that it "will produce" those materials. Now, however, even after Ascion agreed to narrow the scope of documents to "communications between [Ruoey Lung] and its actual or prospective customers that include discussions concerning Ascion, Rawls-Meehan, Six Victor, the Reverie brand, or any related products or services,"[1] ("Customer Communications") Ruoey Lung refuses to produce the requested, relevant materials. Ruoey Lung has no basis for such a refusal.

For all of these reasons, as well as those set forth in more detail below, the Court should compel Ruoey Lung to produce the Customer Communications.

---

[1] Ex. H, Letter from Eric Kaviar to Richard Cauley, at 3, dated Nov. 16, 2010.

**ARGUMENT**

**I.    RUOEY LUNG'S REFUSAL TO PRODUCE CORRESPONDENCE RELEVANT TO ASCION'S CLAIM FOR INTENTIONAL INTERFERENCE WITH ASCION'S BUSINESS RELATIONS.**

In its Complaint, Ascion brought a claim against Ruoey Lung for intentional interference with business relations.[2] That claim is based on, among other things, the fact that "Ruoey Lung intentionally and improperly interfered with [Ascion's] actual and prospective business relationships by … sending **threatening** and **defamatory** letters to such businesses."[3] Since the filing of the Complaint, it is believed Ruoey Lung has continued to interfere with such business relations.

Over the course of discovery, Ascion served document requests, in particular nos. 17-24, seeking to have Ruoey Lung produce materials relevant to this claim, including the threatening and defamatory correspondence. These requests were well in-line with the broad scope of discovery permitted under the Federal Rules. First Nat'l Bank of Arizona v. Cities Serv. Co., 931 U.S. 253 (1968) ("Rule 26 . . . provides broad pretrial discovery."); see also Cabana v. Forcier, 200 F.R.D. 9, 17 (D. Mass. 2001) ("[T]he scope of discovery under the Federal Rules is very broad."). In particular, Ascion requested the production of "[a]ll communications between [Ruoey Lung] (or any person communicating on behalf of, or at the direction of, [Ruoey Lung]) and any persons in the United States, Canada, or Mexico regarding the marketing, offer for sale, possibility of sale, or sale of products manufacture by or in connection with [Ruoey Lung]" (Request No. 24).[4] Ruoey Lung further *agreed* it would produce "[a]ll communications between

---

[2]   Compl., Count Four.

[3]   Id., ¶ 27 (emphasis added).

[4]   The "Commission Agreement" between Ascion and Ruoey Lung acknowledged that Ascion "will have the exclusive right to make sales … to any and all Customers residing in and/or intending to sell … products in the United States, Canada, and Mexico." D.I. 32-2, ¶ 1.3.

[Ruoey Lung] (or any person communicating on behalf of, or at the direction of, [Ruoey Lung])" and Bob's Discount Furniture (Request No. 17); Lady Americana (Request No. 18); Industrial Rubber (Request No. 19); REM Furniture (Request No. 20); Bed Mart (Request No. 21); Boyd Specialty Sleep (Request No. 22); or Tempur-Pedic (Request No. 23).[5]

After receiving Ruoey Lung's assurances that it "will produce"[6] and Ruoey Lung's initial document production, Ascion asked Ruoey Lung to confirm it would still produce, or had produced, all materials responsive to requests nos. 17-24.[7] Ruoey Lung then changed its position. Ruoey Lung responded that it would produce responsive materials (including materials responsive to request no. 24), but it would only provide materials created before the Complaint was filed."[8] Without providing any specifics or evidence of such an agreement, Ruoey Lung contended the Parties previously agreed not to produce any documents created after the filing of the Complaint.[9]

Disputing that any such agreement took place, Ascion repeatedly requested Ruoey Lung to provide the basis for that contention, especially in view of the fact that "Ascion has produced *thousands* of documents from after the filing date, including design documents and financials

---

Accordingly, Ruoey Lung knew that its communications with entities in Canada and Mexico could harm Ascion in the United States and interfere with its business. Moreover, one of the bases for Ascion's breach of contract claim is Ruoey Lung's failure to pay Ascion commissions on sales in the United States, Canada, and Mexico. Ex. B, Letter from Eric Kaviar to Richard Cauley, at 2, dated Nov. 16, 2010. Accordingly, this request – as well as request nos. 17-23 – are also relevant to Ascion's breach of contract claim.

[5] Ex. A, Defendants Ruoey Lung Enterprise Corp. and Lung-Tan Shih's Responses and Objections to Plaintiffs Ascion, LLC and Martin Rawls-Meehan's First Set of Production of Documents and Things, served January 20, 2010 ("Ruoey Lung's Responses to Ascion's Document Requests").

[6] Ex. C, Letter from Eric Kaviar to Richard Cauley, at 3, dated Nov. 5, 2010.

[7] Id.

[8] Ex. D, Letter from Richard Cauley to Eric Kaviar, at 2, dated Nov. 11, 2010.

[9] Id., at 2; Ex. E, Email from Victoria White to Eric Kaviar, dated Nov. 17, 2010.

requested by Ruoey Lung."[10] Ruoey Lung ignored these requests, even though its position has no basis in the law: it has long been recognized that "[t]here is no per se rule barring discovery regarding events which occurred after the date the pending action was filed." Southwest Hide Co. v. Goldston, 127 F.R.D. 481, 488 (N.D. Tex. 1989).[11]

In an attempt to reach a compromise without involvement of the Court, Ascion proposed that it would agree to limit Ruoey Lung's production of materials under requests 17-24 to the Customer Communications.[12] Ruoey Lung then *further* backed off its earlier agreements to produce by contending that "Ruoey Lung has agreed to produce any letters sent to Ascion's customers to notify them that Ascion's products infringe Ruoey Lung's patents" and – having purportedly produced all such letters – it had no obligation to produce any other materials.[13] Such a statement is at odds with the promise it made less than a week earlier that it "will produce documents in these categories (i.e., request nos. 17-24) created up to the date of the [C]omplaint."[14]

---

[10] Ex. F, Letter from Eric Kaviar to Victoria White, at 3, dated Nov. 19, 2010; see also Ex. G, Email from Eric Kaviar to Victoria White, dated Nov. 17, 2010.

[11] See, e.g., Safeco of Am. v. Rawstron, 181 F.R.D. 441, 448–49 (C.D. Cal. 1998) (compelling discovery of documents created after action commenced because "[t]o take only the most obvious example, documents created on or after the date plaintiff filed this action may describe plaintiff's conduct before plaintiff filed this action"); United States v. City of Torrance, 164 F.R.D. 493, 495–96 (C.D. Cal. 1995) (granting plaintiff's motion to compel discovery of documents created more than two years after complaint filed; plaintiff's argument that such documents are irrelevant is "without merit" and if accepted would "permit [defendants] to 'surprise' plaintiff at trial, thereby defeating the purpose behind Rule 26"); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 7 (D.D.C. 1987) ("[T]he Magistrate rejects the defendants objections to interrogatories and requests for production of documents ... on the basis that they pertain to events occurring ... [after] the date of the filing of the complaint in this case.").

[12] Ex. H, Letter from Eric Kaviar to Richard Cauley, at 3, dated Nov. 16, 2010.

[13] Ex. I, Letter from Victoria White to Eric Kaviar, at 2, dated November 22, 2010.

[14] Ex. D, at 2.

Ruoey Lung cannot seriously dispute that the full scope of materials responsive to request nos. 17-24 are relevant to Ascion's claim for intentional interference with business relations: The requested Customer Communications embody the conduct alleged to constitute such interference. Accordingly, the Court should compel Ruoey Lung to produce the Customer Communications.

## CONCLUSION

For all of these reasons, Ascion respectfully requests the Court to order Ruoey Lung to produce the communications between Ruoey Lung and its actual or prospective customers that include discussions concerning Ascion, Rawls-Meehan, Six Victor, the Reverie brand, or any related products or services.

Dated: December 21, 2010                          Respectfully submitted,

/s/ Michael Albert
Michael A. Albert (BBO # 558566)
malbert@wolfgreenfield.com
Allen S. Rugg (BBO # 674484)
arugg@wolfgreenfield.com
John Strand (BBO #654985)
jstrand@wolfgreenfield.com
Eric G. J. Kaviar (BBO # 670833)
ekaviar@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
617.646.8000 phone
617.646.8646 facsimile

COUNSEL FOR ASCION, LLC AND
MARTIN RAWLS-MEEHAN

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned certifies that counsel for Ascion and counsel for Ruoey Lung conferred in a good faith effort to resolve the issues raised by this Motion, but were unable to do so.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Ascion requests the opportunity to present oral argument regarding this Motion at the January 5, 2011 hearing.

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael Albert