IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUOEY LUNG ENTERPRISE CORP., <br><br> Plaintiff, <br><br> v. <br><br> TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC., <br><br> Defendants. | **Civil Action No. 09-CV-11550-GAO** |
| ASCION, LLC AND MARTIN RAWLS-MEEHAN <br><br> Plaintiffs, <br><br> v. <br><br> RUOEY LUNG ENTERPRISE CORP. AND LUNG-TAN SHIH <br><br> Defendants. | Civil Action No. 09-CV-10293-GAO <br> Consolidated with the above action |

**ADDENDUM TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF <u>NON-INFRINGEMENT AND INVALIDITY</u>**

## INTRODUCTION

On December 8, 2010, Defendants[1] moved for summary judgment of non-infringement and invalidity of the '100 patent.[2] After Defendants filed for summary judgment, Plaintiffs Ruoey Lung Enterprise Corp. and Lung-Tan Shih[3] amended their infringement contention interrogatory responses (almost two years after the complaint was filed in this action) to now accuse *eleven* additional models of beds supplied by Defendants of infringement. Disregarding for purposes of this addendum the undue prejudice Ruoey Lung's delinquent infringement contentions will cause Defendants, Ruoey Lung's amended responses provide further support that the '100 patent is invalid. In particular, Ruoey Lung now accuses of infringement certain models of beds Defendant Ascion supplied in the United States more than one year prior to the date the application for the '100 patent was filed. Ruoey Lung's own binding interrogatory answer thus establishes that its '100 patent is invalid under 35 U.S.C. § 102(b) because allegedly "infringing" adjustable beds (*i.e.*, alleged embodiments of the invention claimed in the '100 patent) were on-sale in the United States more than one year prior to the date of the application that led to the '100 patent.

---

[1] "Defendants" as used in this addendum means all of the parties in this consolidated case accused of patent infringement by Ruoey Lung, including Ascion, LLC, Martin Rawls-Meehan, Tempur-Pedic, International, Inc., Tempur-Pedic Sales, Inc., Tempur-Pedic North America LLC, Optima Healthcare, Inc., and Apex Health Care Manufacturing, Inc.

[2] D.I. 130.

[3] Collectively "Ruoey Lung."

## **FACTS**

On February 26, 2009, Defendants filed the complaint in this action.[4] It was not until January 20, 2010, however, that Ruoey Lung finally identified the three adjustable bed models supplied by Defendants that Ruoey Lung specifically accused of infringement.[5] The parties then proceeded with extensive discovery based upon these infringement allegations. On December 23, 2010, however, after Defendants had moved for summary judgment, Ruoey Lung accused an additional *eleven* models of beds supplied by Defendants (in particular, Defendant Ascion) of infringement of the '100 patent.[6] Ruoey Lung included among these newly accused adjustable beds all "Ascion adjustable bed frames whose SKU[7] contains 'AB-A18.'"[8]

Ascion offered for sale adjustable bed bases with SKUs containing "AB-A18" in the United States at least as early as June 14, 2005.[9] Ruoey Lung applied for the '100 patent on June 21, 2006 – over a year after the now accused adjustable bed bases were on-sale in the United States.

---

[4] D.I. 1.

[5] D.I. 131-5 (Ex. I) at 9.

[6] Ruoey Lung's Supp. Resp. and Obj. to Int. 4 of Ascion's First Set of Interrogs. (attached as Ex. L) at 3.

[7] "SKU" stands for "stock keeping unit" and is usually a unique number or letter combination a business assigns to a particular product to easily track it.

[8] Ex. L at 3.

[9] Ascion's Supp. Resp. to Nos. 1, 2, 5, 9 & 10 of Ruoey Lung's First Set of Interrogs. (relevant potions attached as Ex. M) at Appendix A; Purchase Order dated June 14, 2005 (ASCION0082624) (attached as Ex. N).

## ARGUMENT

There is a well-established dictate in patent law that if a product infringes after a patent issues, but that product was also on-sale prior to the filing of the application for the patent, then that product would invalidate the patent:

> Moreover, it has been well established for over a century that the same test must be used for both infringement and anticipation. This general rule derives from the Supreme Court's proclamation 120 years ago in the context of utility patents: ***"[t]hat which infringes, if later, would anticipate, if earlier."***

Int'l Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1239 (Fed. Cir. 2009) (quoting Peters v. Active Mfg. Co., 129 U.S. 530, 537 (1889)); see also Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc., 246 F.3d 1368, 1378 (Fed. Cir. 2001) ("it is axiomatic that that which would literally infringe if later anticipates if earlier") (citations omitted).

Ascion had on-sale beds in the United States beds containing the SKU "AB-A18" – now accused of infringement – as early as June 14, 2005,[10] more than a year before Ruoey Lung filed for the '100 patent on June 21, 2006. Thus, by Ruoey Lung's own recently-served binding interrogatory answer, Ascion's sale of these "AB-A18" beds constitutes invalidating prior art under § 102(b). Atlanta Attachment Co. v. Leggett & Platt, Inc., 516 F.3d 1361, 1365 (Fed. Cir. 2008) (citing Pfaff v. Wells Elecs., Inc., 525 U.S. 55, 67 (1998)).

## CONCLUSION

For the reasons stated above, and those set forth in Defendants' memorandum in support of their motion for summary judgment,[11] Defendants respectfully request the Court enter summary judgment that each of the claims of the '100 patent is invalid as anticipated (in addition to the other relief requested in Defendants' motion for summary judgment, D.I. 130).

---

[10] Ex. N.

[11] Attached to D.I. 129.

Respectfully Submitted,

| | |
|---|---|
| /s/ Michael Albert | /s/ Andrea C. Kramer |
| Michael A. Albert (BBO # 558566) | Andrea C. Kramer |
| malbert@wolfgreenfield.com | akramer@hrwlawyers.com |
| Allen S. Rugg (BBO # 674484) | Hirsch Roberts Weinstein LLP |
| arugg@wolfgreenfield.com | Two Park Plaza |
| John Strand (BBO #654985) | Boston , MA 02116-3902 |
| jstrand@wolfgreenfield.com | Tel: 617.348.4380 |
| Eric G. J. Kaviar (BBO # 670833) | Fax: 617.348.4343 |
| ekaviar@wolfgreenfield.com | |
| WOLF, GREENFIELD & SACKS, P.C. | COUNSEL FOR OPTIMA HEALTHCARE, |
| 600 Atlantic Avenue | INC. AND APEX HEALTH CARE |
| Boston, Massachusetts 02210 | MANUFACTURING, INC. |
| 617.646.8000 phone | |
| 617.646.8646 facsimile | |

Robert C. Bertin
r.bertin@bingham.com
Bingham McCutchen LLP
2020 K Street NW
Washington , DC 20006-1806
202-373-6000
Fax: 202-373-6001

COUNSEL FOR ASCION, LLC; MARTIN RAWLS-MEEHAN; TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; AND, TEMPUR-PEDIC NORTH AMERICA LLC.

Dated: December 31, 2010

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court' electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                                /s/ Michael A. Albert
                                                                Michael A. Albert