IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASCION, LLC AND<br>MARTIN RAWLS-MEEHAN<br><br>    Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP.<br>AND LUNG-TAN SHIH<br><br>    Defendants. | Formerly, Civil Action No. 09-CV-10293-WGY, Now Consolidated With the Action Below |
| RUOEY LUNG ENTERPRISE CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>TEMPUR-PEDIC, INTERNATIONAL INC.; TEMPUR-PEDIC SALES, INC.; TEMPUR-PEDIC NORTH AMERICA LLC; OPTIMA HEALTHCARE, INC.; and APEX HEALTH CARE MANUFACTURING, INC.,<br><br>    Defendants. | Civil Action No. 09-CV-11550-GAO |

### RUOEY LUNG ENTERPRISE CORP.'S AND LUNG TAN SHIH'S OPPOSITION TO ASCION'S COMBINED MOTION TO COMPEL

Ruoey Long Enterprise Corporation ("RL") and Lung Tan Shih ("Shih") (collectively "RL Defendants") submit this brief memorandum in opposition to Plaintiffs' motion to compel the production of certain communications between RL and its North American customers which Ascion claims are relevant to its claim for interference with prospective economic relations.

As Ascion admits, its claim for interference is limited to communications between RL and its customers notifying them that Ascion's products infringe RL's '100 patent – the patent at issue in this litigation. RL had agreed to produce such documents and has, in fact, produced all documents, before and after the filing of its complaint, which accuse Ascion of infringing the '100 patent.

Not satisfied with the production of documents relating to its interference claim as pled, Ascion then asked for the production of all communications between RL and its North American customers both before and after the filing of the complaint, whether they related to their interference. Ascion insisted that production be made of documents dated both before and after the complaint was filed, even though Ascion itself had objected the production of post-complaint documents and has only produced a limited number of post-complaint documents itself and those only after a motion to compel was filed.

However, after considering the compromise offered by Ascion and set forth in their brief, that RL produce all communications between RL and its North American customers that mention Ascion, Reverie, Six Victor, Martin Rawls-Meehan or their products or services, RL reviewed all such communications both and before and after the complaint was filed. Upon review, it has determined that there are no such communications that mention these three entities or their products or services – such communications relate to RL's own products. However, RL will continue its review and if it discovers communications between RL and its customers that mention Ascion, Reverie, Six Victor, Martin Rawls-Meehan or their products or services, it will produce those documents.

## LOCAL RULES 7.1(A)2) CERTIFCATION

Undersigned counsel certifies that he contacted Ascion's counsel in a good faith effort to confer and attempt to resolve or narrow the issues presented in this Motion.

**Respectfully Submitted,**
**RUOEY LUNG ENTERPRISE CORP. and**
**LUNG-TAN SHIH**

By their attorneys,

Dated: January 4, 2011

/s/ Richard F. Cauley
Richard F. Cauley (admitted *Pro Hac Vice*)
Franklin E. Gibbs (admitted *Pro Hac Vice*)
**WANG, HARTMANN, GIBBS, & CAULEY P.C.**
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
(949) 833-8483

Scott McConchie (BBO # 634127)
**GRIESINGER, TIGHE & MAFFEI, LLP**
176 Federal Street
Boston, MA  02110
(617) 542-9900
(617) 542-0900 (fax)
sm@gtmllp.com

## Certificate of Service

      I, Richard F. Cauley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 4, 2011.

                                                    /s/ Richard F. Cauley
                                                    Richard F. Cauley

OPPOSITION TO ASCION'S COMBINED MOTION TO COMPEL