## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RUOEY LUNG ENTERPRISE CORP.,

       Plaintiff,

v.

TEMPUR-PEDIC, INTERNATIONAL INC.;
TEMPUR-PEDIC SALES, INC.; TEMPUR-
PEDIC NORTH AMERICA LLC; OPTIMA
HEALTHCARE, INC.; and APEX HEALTH
CARE MANUFACTURING, INC.,

       Defendants.

**Civil Action No. 09-11550-GAO**

(Consolidated with Civil Action
 No. 09-10293-WGY)

ASCION, LLC  and MARTIN RAWLS-
MEEHAN,

       Plaintiffs,

v.

RUOEY LUNG ENTERPRISE CORP.
and LUNG-TAN SHIH,

       Defendants.

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND RUOEY LUNG ENTERPRISE CORP.'S AMENDED COUNTERCLAIMS AGAINST ASCION, LLC AND MARTIN RAWLS-MEEHAN

As and for their answer to the Amended Complaint ("Complaint") of Plaintiffs Ascion,

LLC ("Ascion") and Martin Rawls-Meehan (collectively "Plaintiffs"), Defendants, Ruoey Lung

Enterprise Corp. ("RL") and Lung-Tan Shih ("Mr. Shih") (collectively "Defendants"), by their

undersigned attorneys, respond  as follows:

## ANSWER

1.    RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint and, on that basis, denies them.

2.    RL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint and, on that basis, denies them.

3.    Defendants admit the allegations of paragraph 3 of the Amended Complaint.

4.    Defendants admit the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.    Defendants admit that in paragraph 5 of the Complaint, Plaintiffs allege claims involving federal questions and claims between parties having diversity of citizenship. Defendants lack sufficient knowledge or information to form a belief as to the truth of other allegations contained in this paragraph, and therefore deny them.

6.    Defendants admit that paragraph 6 of the Complaint identifies the title and sections of the United States Code under which Plaintiffs claims are based and that this Court has subject matter jurisdiction.

7.    Defendants deny each and every allegation of paragraph 7 of the Complaint.

8.    Defendants deny each and every allegation of paragraph 8 of the Complaint.

## COUNT ONE
### (CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 7,448,100 UNDER 35 U.S.C. § 256)

9.    Defendants repeat and incorporate by reference their responses to the allegations

of paragraph 1 through 8 of the Complaint as if fully set forth here.

10.     Defendants admit that U.S. Patent No. 7,448,100 ("the '100 patent") was filed on June 21, 2006 and issued on November 11, 2008, that it names Mr. Shih as the sole inventor and identifies Ruoey Lung as the sole assignee.  Defendants admit that what purports to be a copy of the '100 Patent was attached to the Complaint as Exhibit A.

11.     Defendants deny each and every allegation of paragraph 11 of the Complaint.

12.     Defendants deny each and every allegation of paragraph 12 of the Complaint.

13.     Defendants deny that Martin Rawls-Meehan's name was "omitted" as an inventor on the '100 patent, as Mr. Rawls-Meehan was not an inventor of the inventions claimed in that patent.  Mr. Rawls-Meehan's intent is therefore irrelevant.  Defendants lack sufficient knowledge or information to form a belief as to Mr. Rawls-Meehan's mental state with regard to any issues regarding the '100 patent and therefore deny any such allegations.

14.     Defendants deny each and every allegation of paragraph 14 of the Complaint.

**COUNT TWO**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**

15.     Defendants repeat its responses to the allegations of paragraph 1 through 14 of the Complaint as if fully set forth here.

16.     Defendants admit the allegations of paragraph 16 of the Complaint.

17.     Defendants admit the allegations of paragraph 17 of the Complaint in that they are informed and believe that Plaintiffs deny that Ascion infringes the '100 patent.

18.     Defendants deny each and every allegations of paragraph 18 of the Complaint.

## COUNT THREE
### (DECLARATORY JUDGMENT OF INVALIDITY)

19.    Defendants repeat their responses to the allegations of paragraph 1 through 18 of the Complaint as if fully set forth here.

20.    Defendants admit the allegations of paragraph 20 of the Complaint.

21.    Defendants admit the allegations of paragraph 21 of the Complaint in that they are informed and believe that Plaintiffs contend that the '100 patent is invalid.

22.    Defendants deny each and every allegation of paragraph 22 of the Complaint.

## COUNT FOUR
### (INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS)

23.    Defendants repeat their responses to the allegations of paragraph 1 through 22 of the Complaint as if fully set forth here.

24.    Defendants deny each and every allegation of paragraph 24 of the Complaint.

25.    Defendants deny each and every allegation of paragraph 25 of the Complaint.

26.    Defendants deny each and every allegation of paragraph 26 of the Complaint.

27.    Defendants deny each and every allegation of paragraph 27 of the Complaint.

## COUNT FIVE
### (BREACH OF CONTRACT)

28.    Defendants repeat their responses to the allegations of paragraph 1 through 27 of the Complaint as if fully set forth here.

29.    Defendants admit that Ruoey Lung entered into a Commission Agreement on or

about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves.  Defendants deny each and every remaining allegation of paragraph 29 of the Complaint, including Plaintiffs' characterization of the Agreement and/or the terms thereof

30.     Defendants admit that Ruoey Lung entered into a Commission Agreement on or about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves.  Defendants deny each and every remaining allegation of paragraph 30 of the Complaint, including Plaintiffs' characterization of the terms Agreement and/or the terms thereof

31.     Defendants admit that Ruoey Lung entered into a Commission Agreement on or about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves.  Defendants deny each and every remaining allegation of paragraph 31 of the Complaint, including Plaintiffs' characterization of the terms Agreement and/or the terms thereof.

32.     Defendants admit that Ruoey Lung entered into a Commission Agreement on or about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves.  Defendants deny each and every remaining allegation of paragraph 32 of the Complaint, including Plaintiffs' characterization of the terms Agreement and/or the terms thereof or that any of the terms of the Agreement are presently binding on Ruoey Lung.

33.     Defendants lack sufficient knowledge or information to form a belief as to the

5

truth of the allegations contained in paragraph 33 of the Complaint, and therefore deny them.

34.    Defendants deny each and every allegation of paragraph 34 of the Complaint.

35.    Defendants deny each and every allegation of paragraph 35 of the Complaint.

36.    Defendants deny each and every allegation of paragraph 36 of the Complaint.

37.    Defendants deny each and every allegation of paragraph 37 of the Complaint.

## COUNT SIX
## (BREACH OF WARRANTY)

38.    Defendants repeat its responses to the allegations of paragraph 1 through 38 of the Complaint as if fully set forth here.

39.    Defendants deny each and every allegation of paragraph 39 of the Complaint, including the applicability of M.G.L. Chapter 106 Section 2-312 to any transactions between Ruoey Lung and Ascion.

40.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40, and therefore deny them.

41.    Defendants deny each and every allegation of paragraph 41 of the Complaint.

42.    Defendants deny each and every allegation of paragraph 42 of the Complaint.

43.    Defendants deny each and every allegation of paragraph 43 of the Complaint.

## COUNT 7
## (DECLARATORY JUDGMENT OF UNENFORCEABILITY)

44.    Defendants repeats the responses to paragraphs 1 through 43 of the Amended Complaint as if fully set forth here.

6

45.     Defendants deny each and every allegation of paragraph 45 of the Amended Complaint except refers to the '100 patent for the identification of the inventor, assignee and prosecuting attorney.

46.     Defendants deny each and every allegation of paragraph 46 of the Amended Complaint.

47.     Defendants deny each and every allegation of paragraph 47 of the Amended Complaint.

48.     Defendants admit that Ms. Sophia Shih sent an email to Mr. Martin Rawls-Meehan attaching copies of two patents and denies each and every remaining allegation of paragraph 48 of the Amended Complaint.

### Duty of Disclosure

49.     Paragraph 49 of the Amended Complaint states a legal conclusion to which no answer is required.

50.     Paragraph 50 of the Amended Complaint states a legal conclusion to which no answer is required.

51.     Paragraph 51 of the Amended Complaint states a legal conclusion to which no answer is required.

52.     Paragraph 52 of the Amended Complaint states a legal conclusion to which no answer is required.

53.     Paragraph 53 of the Amended Complaint states a legal conclusion to which no answer is required.

54.     Defendants admit each and every allegation of paragraph 54 of the Amended

7

Complaint.

55.     Paragraph 55 of the Amended Complaint states a legal conclusion to which no answer is required.

56.     Paragraph 56 of the Amended Complaint states a legal conclusion to which no answer is required.

57.     Defendants deny each and every allegation of paragraph 57 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

58.     Paragraph 58 of the Amended Complaint states a legal conclusion to which no answer is required.

### Background on '100 patent

59.     Defendants deny each and every allegation of paragraph 59 of the Amended Complaint and refers Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

60.     Defendants deny each and every allegation of paragraph 60 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

61.     Defendants deny each and every allegation of paragraph 61 of the Amended Complaint and refer Plaintiff to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

62.     Defendants deny each and every allegation of paragraph 62 of the Amended Complaint and refer Plaintiff to the prosecution history of U.S. Patent No. 7,448,100 for the full

and accurate contents thereof.

63.   Defendants deny each and every allegation of paragraph 63 of the Amended Complaint and refers Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

64.   Defendants deny each and every allegation of paragraph 64 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

65.   Defendants deny each and every allegation of paragraph 65 of the Amended Complaint.

66.   Defendants deny each and every allegation of paragraph 66 of the Amended Complaint.

67.   Defendants deny each and every allegation of paragraph 67 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

68.   Defendants deny each and every allegation of paragraph 68 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

69.   Defendants deny each and every allegation of paragraph 69 of the Amended Complaint.

70.   Defendants deny each and every allegation of paragraph 70 of the Amended Complaint.

71.   Defendants deny each and every allegation of paragraph 71 of the Amended

Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

72.      Defendants deny each and every allegation of paragraph 72 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

73.      Defendants deny each and every allegation of paragraph 73 of the Amended Complaint.

74.      Defendants deny each and every allegation of paragraph 74 of the Amended Complaint.

75.      Defendants deny each and every allegation of paragraph 75 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof..

76.      Defendants deny each and every allegation of paragraph 76 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

**Background on Lung-Tan Shih**

77.      Defendants deny each and every allegation of paragraph 77 of the Amended Complaint and refer Plaintiffs to U.S. Patent App. No. US2002/0144350 for the full and accurate contents thereof.

78.      Defendants deny each and every allegation of paragraph 78 of the Amended Complaint and refer Plaintiffs to U.S. Patent App. No. US2002/0144350 for the full and accurate contents thereof.

79.     Defendants deny each and every allegation of paragraph 79 of the Amended Complaint.

80.     Defendants deny each and every allegation of paragraph 80 of the Amended Complaint.

81.     Defendants deny each and every allegation of paragraph 81 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No 7,448,100 for the full and accurate contents thereof.  .

82.     Defendants deny each and every allegation of paragraph 82 of the Amended Complaint and refer Plaintiffs to U.S. Provisional Application No. 60/660,228 for the full and accurate contents thereof.

83.     Defendants deny each and every allegation of paragraph 83 of the Amended Complaint and refer Plaintiffs to U.S. Provisional Application No. 60/660,228 for the full and accurate contents thereof.

84.     Defendants deny each and every allegation of paragraph 84 of the Amended Complaint.

85.     Defendants deny each and every allegation of paragraph 85 of the Amended Complaint.

86.     Defendants deny each and every allegation of paragraph 86 of the Amended Complaint and refer Plaintiffs to the declaration referred to in paragraph 87 of the Amended Complaint for the full and accurate contents thereof.

87.     Defendants deny each and every allegation of paragraph 87 of the Amended Complaint and refer Plaintiffs to the declaration referred to for the full and accurate contents

thereof.

88.     Defendants deny each and every allegation of paragraph 88 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

### '309 Patent Application, References Cited Therein, and Office Action

89.     Defendants deny each and every allegation of paragraph 89 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

90.     Defendants deny each and every allegation of paragraph 90 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

91.     Defendants deny each and every allegation of paragraph 91 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof and also to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

92.     Defendants deny each and every allegation of paragraph 92 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof and also to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

93.     Defendants deny each and every allegation of paragraph 93 of the Amended Complaint.

94.     Defendants deny each and every allegation of paragraph 94 of the Amended

Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

95.     Defendants deny each and every allegation in paragraph 95 of the Amended Complaint.

96.     Defendants deny each and every allegation in paragraph 96 of the Amended Complaint.

97.     Defendants deny each and every allegation in paragraph 97 of the Amended Complaint.

98.     Defendants deny each and every allegation in paragraph 98 of the Amended Complaint.

99.     Defendants admit that Plaintiffs served an interrogatory on Defendants on or about December 14, 2009, but deny the remaining allegations of paragraph 99 of the Amended Complaint and refer Plaintiffs to the interrogatory for the full and accurate contents thereof.

100.    Defendants admit that Plaintiffs served an interrogatory on Defendants on or about December 14, 2009, but deny the remaining allegations of paragraph 100 of the Amended Complaint and refer Plaintiffs to the interrogatory for the full and accurate contents thereof.

101.    Defendants admit that they responded to the referenced interrogatory but deny the remaining allegations of paragraph 101 of the Amended Complaint and refer Plaintiffs to their response to the interrogatory for the full and accurate contents thereof.

### Co-Pending '309 Patent Application and the Office Action

102.    Defendants deny each and every allegation in paragraph 102 of the Amended Complaint and refer Plaintiffs to the Office Action from the prosecution history of U.S. Patent

13

No. 7,293,309 for the full and accurate contents thereof.

103.   Defendants deny each and every allegation in paragraph 103 of the Amended Complaint and refer Plaintiffs to the Office Action from the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

104.   Defendants deny each and every allegation in paragraph 104 of the Amended Complaint and refer Plaintiffs to the Office Action from the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

105.   Defendants deny each and every allegation in paragraph 105 of the Amended Complaint.

106.   Defendants deny each and every allegation in paragraph 106 of the Amended Complaint.

107.   Defendants deny each and every allegation in paragraph 107 of the Amended Complaint and refer Plaintiffs to the Office Action from the prosecution history of U.S. Patent No. 7,293,309 for the full and accurate contents thereof.

108.   Defendants deny each and every allegation in paragraph 108 of the Amended Complaint and refer Plaintiffs to the Office Action from the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

109.   Defendants deny each and every allegation of paragraph 109 of the Amended Complaint.

110.   Defendants deny each and every allegation of paragraph 110 of the Amended Complaint.

111.   Defendants deny each and every allegation of paragraph 111 of the Amended

Complaint.

112. Defendants deny each and every allegation of paragraph 112 of the Amended Complaint.

113. Defendants deny each and every allegation of paragraph 113 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

114. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 114 of the Amended Complaint and, on that basis, deny them.

115. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 115 of the Amended Complaint and, on that basis, deny them. Defendants refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

116. Defendants deny each and every allegation in paragraph 116 of the Amended Complaint.

## '358 Prior Art Patent

117. Defendants deny each and every allegation of paragraph 117 of the Amended Complaint and refer Plaintiffs to the prosecution history of the '309 Patent for the full and accurate contents thereof.

118. Defendants deny each and every allegation of paragraph 118 of the Amended Complaint.

119. Defendants deny each and every allegation of paragraph 119 of the Amended

15

Complaint and refer Plaintiffs to the '358 patent for the full and accurate contents thereof.

120.    Defendants deny each and every allegation of paragraph 120 of the Amended Complaint and refer Plaintiffs to the '358 patent for the full and accurate contents thereof.

121.    Defendants deny each and every allegation in the third sentence of paragraph 121 of the Amended Complaint and refer Plaintiffs to the '358 patent for the full and accurate contents thereof.

122.    Defendants deny each and every allegation of paragraph 122 of the Amended Complaint and refer Plaintiffs to the prosecution history of the '358 patent for the full and accurate contents thereof.

123.    Defendants deny each and every allegation of paragraph 123 of the Amended Complaint.

124.    Defendants deny each and every allegation of paragraph 124 of the Amended Complaint.

125.    Defendants deny each and every allegation in paragraph 125 of the Amended Complaint except admit that Lung-Tan Shih is the sole inventor identified on the face of the '100 patent.

126.    Defendants deny each and every allegation in paragraph 126 of the Amended Complaint except admit that Ruoey Lung is the assignee identified in the application underlying the '100 patent.

127.    Defendants deny each and every allegation in paragraph 127 of the Amended Complaint except admit that Kamrath was the prosecuting attorney of the '100 patent.

128.    Defendants deny each and every allegation in paragraph 128 of the Amended

Complaint.

129.    Defendants deny each and every allegation of paragraph 129 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

130.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 130 of the Amended Complaint and, on that basis, deny them.

131.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 131 of the Amended Complaint and, on that basis, deny them.  Defendants refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

132.    Defendants deny each and every allegation in paragraph 132 of the Amended Complaint.

### '852 Prior Art Patent

133.    Defendants deny each and every allegation of paragraph 133 of the Amended Complaint and refer Plaintiffs to the prosecution history of the '309 Patent for the full and accurate contents thereof.

134.    Defendants deny each and every allegation in paragraph 134 of the Amended Complaint.

135.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 135 of the Amended Complaint and on that basis deny them.  Defendants refer Plaintiffs to the patent prosecution history of U.S. Patent No. 7,448,100

for the full and accurate contents thereof.  Defendants also refer Plaintiffs to the '852 patent for the full and accurate contents thereof.

136.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 136 of the Amended Complaint and on that basis deny them. Defendants refer Plaintiffs to the patent prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

137.    Defendants deny the allegations of paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations of paragraph 138 of the Amended Complaint.

139.    Defendants deny the allegations of paragraph 139 of the Amended Complaint except admit that Lung-Tan Shih is the sole inventor identified on the face of the '100 patent.

140.    Defendants deny the allegations of paragraph 140 of the Amended Complaint except admit that Ruoey Lung is the assignee identified in the application underlying the '100 patent.

141.    Defendants deny the allegations of paragraph 141 of the Amended Complaint except admit that Kamrath was the prosecuting attorney of the '100 patent.

142.    Defendants deny each and every allegation of paragraph 142 of the Amended Complaint.

143.    Defendants deny each and every allegation in paragraph 143 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

144.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 144 of the Amended Complaint, and on that basis, deny

18

them.

145.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 145 of the Amended Complaint, and on that basis, deny them.  Defendants refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

146.    Defendants deny each and every allegation of paragraph 146 of the Amended Complaint.

### '280 Prior Art Patent

147.    Defendants deny each and every allegation of paragraph 147 of the Amended Complaint.

148.    Defendants deny each and every allegation of paragraph 148 of the Amended Complaint.

149.    Defendants deny each and every allegation of paragraph 149 of the Amended Complaint and refer Plaintiffs to the '280 patent for the full and accurate contents thereof.

150.    Defendants deny each and every allegation of paragraph 150 of the Amended Complaint and refer Plaintiffs to the '280 patent for the full and accurate contents thereof.

151.    Defendants deny each and every allegation of paragraph 151 of the Amended Complaint and refer Plaintiffs to the prosecution history of the '280 patent for the full and accurate contents thereof.

152.    Defendants deny each and every allegation of paragraph 152 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

153.    Defendants deny each and every allegation of paragraph 153 of the Amended Complaint.

154.    Defendants deny the allegations of paragraph 154 of the Amended Complaint except admit that Lung-Tan Shih is the sole inventor identified on the face of the '100 patent.

155.    Defendants deny the allegations of paragraph 155 of the Amended Complaint except admit that Ruoey Lung is the assignee identified in the application underlying the '100 patent.

156.    Defendants deny the allegations of paragraph 156 of the Amended Complaint except admit that Kamrath was the prosecuting attorney of the '100 patent.

157.    Defendants deny each and every allegation of paragraph 157 of the Amended Complaint.

158.    Defendants deny each and every allegation of paragraph 158 of the Amended Complaint.

159.    Defendants deny each and every allegation of paragraph 159 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

160.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 160 of the Amended Complaint, and on that basis, deny them.  Defendants refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

161.    Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 161 of the Amended Complaint, and on that basis, deny

them. Defendants refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

162.    Defendants deny each and every allegation of paragraph 162 of the Amended Complaint.

### '647 and '011 Patents

163.    Defendants admit that on or about March 29, 2006, Mrs. Sophia Shih sent an email to Rawls-Meehan identifying two patents, but otherwise deny each and every allegation of paragraph 163 of the Amended Complaint.

164.    Defendants deny each and every allegation of paragraph 164 of the Amended Complaint.

165.    Defendants deny each and every allegation of paragraph 165 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

166.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 166 of the Amended Complaint and, on that basis, deny them.

167.    Defendants deny each and every allegation of paragraph 167 of the Amended Complaint.

168.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 168 of the Amended Complaint and, on that basis, deny them.

## '647 Patent

169.     Defendants deny each and every allegation of paragraph 169 of the Amended Complaint.

170.     Defendants deny each and every allegation of paragraph 170 of the Amended Complaint and refers Plaintiffs to the '647 Patent for the full and accurate contents thereof.

171.     Defendants deny each and every allegation of paragraph 171 of the Amended Complaint and refer Plaintiffs to the '647 Patent for the full and accurate contents thereof.

172.     Defendants deny each and every allegation of paragraph 172 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

173.     Defendants deny each and every allegation of paragraph 173 of the Amended Complaint.

174.     Defendants deny each and every allegation of paragraph 174 of the Amended Complaint.

175.     Defendants deny each and every allegation of paragraph 175 of the Amended Complaint except admit that Lung-Tan Shih is the sole inventor identified on the face of the '100 patent.

176.     Defendants deny each and every allegation of paragraph 176 of the Amended Complaint except admit that Ruoey Lung is the assignee identified in the application underlying the '100 patent.

177.     Defendants deny each and every allegation of paragraph 177 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full

and accurate contents thereof.

178.    Defendants deny each and every allegation of paragraph 178 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

179.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 179 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

180.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 180 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof

181.    Defendants deny each and every allegation of paragraph 181 of the Amended Complaint.

### '011 Patent

182.    Defendants deny each and every allegation of paragraph 182 of the Amended Complaint.

183.    Defendants deny each and every allegation of paragraph 183 of the Amended Complaint and refer Plaintiffs to the '011 Patent for the full and accurate contents thereof.

184.    Defendants deny each and every allegation of paragraph 184 of the Amended Complaint and refer Plaintiffs to the '011 Patent for the full and accurate contents thereof.

185.    Defendants deny each and every allegation of paragraph 185 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

186.    Defendants deny each and every allegation of paragraph 186 of the Amended Complaint.

187.    Defendants deny each and every allegation of paragraph 187 of the Amended Complaint.

188.    Defendants deny each and every allegation of paragraph 188 of the Amended Complaint except admit that Lung-Tan Shih is the sole inventor identified on the face of the '100 patent.

189.    Defendants deny each and every allegation of paragraph 189 of the Amended Complaint except admit that Ruoey Lung is the assignee identified in the application underlying the '100 patent.

190.    Defendants deny each and every allegation of paragraph 190 of the Amended Complaint.

191.    Defendants deny each and every allegation of paragraph 191 of the Amended Complaint and refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

192.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 192 of the Amended Complaint and, on that basis, deny them.  Defendants refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the full and accurate contents thereof.

193.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 193 of the Amended Complaint and, on that basis, deny them.  Defendants refer Plaintiffs to the prosecution history of U.S. Patent No. 7,448,100 for the

full and accurate contents thereof.

194.    Defendants deny each and every allegation of paragraph 194 of the Amended Complaint.

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

To the extent any of Plaintiffs' claims are untimely under the applicable limitations period, they are barred by the applicable statutes of limitations.

## Third Affirmative Defense

Some or all of Plaintiffs' claims are barred by the doctrines of waiver and estoppel. In particular, Mr. Rawls-Meehan's claim that the '100 patent is invalid (for reasons other than incorrect inventorship) is inconsistent with his claim to be an inventor on that patent.

## Fourth Affirmative Defense

Some or all of Plaintiffs' claims are barred by laches.

## Fifth Affirmative Defense

Some or all of Plaintiffs' claims are barred by unclean hands.

## Sixth Affirmative Defense

Some or all of Plaintiffs' claims are barred by the doctrine of ripeness.

## Seventh Affirmative Defense

To the extent, if any, that Plaintiffs have sustained damages, then all or part of those damages are attributable to and caused by Plaintiffs' own acts or omissions, or the acts or omissions of third parties for whom Defendants are not legally responsible, and Defendants

substantially performed its duties under the parties' agreements, and therefore Plaintiffs may not recover from Defendants damages for its own acts or omissions or those of third parties for whom Defendants are not legally responsible.

## AMENDED COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, RL amends its previously asserted Counterclaims and states the following:

### Parties

1.     Counterclaimant Ruoey Lung Enterprise Corp. ("RL") is a Taiwanese company having its principal place of business at 17 Lu-Kung South 2 Road, Chang-Pin Industrial Park, Lu-Kang, Changhua, Taiwan 505, ROC.

2.     Counterclaim Defendant Ascion, LLC ("Ascion") is a limited liability corporation with a principal place of business in Cambridge, Massachusetts.

3.     Counterclaim Defendant Martin Rawls-Meehan ("Mr. Rawls-Meehan") is an individual residing in Lexington, Massachusetts.

4.     RL is informed and believes and thereon alleges that, Mr. Rawls-Meehan is the alter ego of Ascion.  RL is further informed and believe and thereon allege that there is a unity of interest between Mr. Rawls-Meehan and Ascion.  Mr. Rawls-Meehan uses Ascion as a mere shell, instrumentality, or conduit for the business of himself or his other entities.  RL is further informed and believes that Mr. Rawls-Meehan personally authorized and directed Ascion to commit the acts alleged in these Counterclaims below.  Moreover, as to all of the actions of

26

Rawls-Meehan and Ascion, RL is informed and believes that each was acting as an agent for the other.

## Jurisdiction and Venue

5.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, and the patent laws of the United States, including Title 35 of the United States Code.

6.     This Court has personal jurisdiction over Ascion and Mr. Rawls-Meehan on the basis of, inter alia, its contacts with Massachusetts relating to the subject matter of this action, including having filed suit.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Facts

8.     RL is a designer and manufacturer of adjustable beds.

9.     RL's president, Mr. Shih has developed various adjustable bed frames for RL since at least 1995. He is the sole named inventor of U.S. Patent No. 7,448,100 (the "'100 Patent") and has assigned all rights to the '100 patent to RL.

10.     On or about November 22, 2005, pursuant to Mr. Rawls-Meehan's request, RL and Ascion entered into an agreement (the "Commission Agreement") with Ascion, a true and correct copy of which is attached hereto as Exhibit 1. Under the Commission Agreement, RL would manufacture its adjustable bed product and provide the product to Ascion for sale to American customers. American customers (e.g. Tempur-Pedic) would place orders with Ascion who would then order the products from RL.

11.     Section 1.3 of the Commission Agreement provides that Ascion has the exclusive right to make sales of RL's products in the US, Canada, and Mexico. Section 1.1 of the

27

Commission Agreement provides that Ascion will use its reasonable efforts to make sales of all adjustable bed frames, adjustable bed bases, and adjustable mattresses or similar products manufactured by RL in the US, Canada, and Mexico.

12.     Since 2007, Ascion (either by itself or through its agent Six Victor, placed numerous purchase orders with RL) set forth the products that it wished RL to manufacture.  RL fully performed each and every obligation required under the parties' Commission Agreement and purchase orders.  RL purchased parts and materials it needed to fulfill the purchase orders, and then it manufactured the requested products for Ascion.

13.     Between 2007 and 2008, Ascion cancelled about 30 previously-accepted purchase orders, representing orders in excess of $1 million.  RL was unable to resell those goods.  The cancellation of the previously-accepted purchase orders has caused RL to be saddled with significant amounts of inventory.

14.     In accordance with the terms of the Commission Agreement and parties' agreement, Ascion was only allowed to deduct its costs from the payment it received from the American customers.  Without RL's consent, and in violation of its responsibilities under the agreement, Ascion frequently deducted from the total payment that it received as its other expenses.  The total amount of Ascion's wrongful deduction exceeded  $30, 000.

15.     On other occasions, Ascion requested that RL deliver goods or parts to third parties for the benefit of Ascion.  RL delivered the goods or parts as requested but Ascion has not paid RL (or has not paid in full) for the goods or parts.  The total amount unpaid is nearly $200,000.

16.    In addition to the above, upon information and belief, since March 2008, without RL's consent, Ascion disclosed the technical specification of RL's adjustable beds to Apex Health Care Manufacturing, Inc. ("Apex") and had Apex manufacture the bed frame for it to sell to Tempur-Pedic. Apex's product is an exact copy of RL's product.

17.    Upon information and belief, since about October 2008, in addition to Apex, Mr. Rawls-Meehan also disclosed the technical specification of RL's adjustable beds to Optima Health Care, Inc. ("Optima") and had Optima manufacture the bed frame for it to sell to Tempur-Pedic. Optima's product is an exact copy of RL's product.

## First Counterclaim – Breach of Contract

## (Against Ascion)

18.    RL incorporates by reference the allegations set forth in paragraphs 1-17 as if set forth fully herein.

19.    RL fully performed each and every obligation required under the Commission Agreement and purchase orders, except where prevented by Ascion or excused by Ascion's prior breach.

20.    Ascion has failed and refused to fulfill its contractual commitments under the Commission Agreement and purchase orders by cancelling purchase orders, by taking improper deductions, by failing to pay for products that RL delivered to Ascion's customers on its behalf and by selling adjustable beds in the United States which were manufactured by companies other than RL – specifically Apex and Optima.

21.     As a direct and proximate result of Ascion's material breaches, RL has suffered damages in an amount to be proven at trial, together with consequential and/or incidental damages, pre-judgment and post-judgment interest thereon at the maximum legal rate.

## Second Counterclaim – Promissory Estoppel

### (Against Ascion)

22.     RL incorporates by reference the allegations set forth in paragraphs 1-21 as if set forth fully herein.

23.     In the Commission Agreement, Ascion made promises – to act in good faith as RL's exclusive distributor in the United States, to use its best efforts to sell RL beds in the United States, to forswear selling adjustable beds manufactured by RL's competitors, to take delivery and to pay for products it had ordered from RL and to follow all of the other terms of the Commission Agreement.

24.     Ascion should reasonably have expected these promises to induce action or forbearance of a definite and substantial character on the part of RL – specifically, that RL would manufacture adjustable beds to fulfill the orders placed by Ascion, to manufacture beds in reliance on the expectation that Ascion would perform in good faith as an exclusive distributor of RL's beds in the United States and to purchase parts and materials from various suppliers to be able to fulfill the purchase orders.

25.     In reliance on Ascion's promises, RL purchased parts and materials to manufacture the beds actually ordered by Ascion and those that it would expect Ascion to order pursuant to its responsibilities as an exclusive distributor and, in fact, manufactured said beds

26.     Ascion cancelled (or had Six Victor cancel) the purchase orders because it wanted to shift manufacturing to Apex and Optima.

27.     As a direct and proximate result of Ascion's material breaches, RL has suffered damages in an amount to be proven at trial, together with consequential and/or incidental damages, pre-judgment and post-judgment interest thereon at the maximum legal rate.

## Third Counterclaim – Breach of Implied Covenant of Good Faith and Fair Dealing
## (Against Ascion)

28.     RL incorporates by reference the allegations set forth in paragraphs 1-27 as if set forth fully herein.

29.     On or about November 22, 2005, RL and Ascion entered into the Commission Agreement, which carries an implied covenant of good faith and fair dealing.

30.     RL has not violated and have otherwise performed all or substantially all of the significant things required of it pursuant to the Commission Agreement.

31.     All conditions required for Ascion's performance under the Commission Agreement have occurred or have otherwise been satisfied.

32.     Ascion has unfairly interfered with RL's right to receive the benefits of the Commission Agreement.  Ascion has taken actions designed to negate RL's rights under the Commission Agreement, including but not limited to shifting manufacturing to Apex and Optima.

33.     As a direct and proximate result of Ascion's breach of the implied covenant of good faith and fair dealing, RL has sustained financial injuries and damages according to proof, including interest and costs thereon.

## Fourth Counterclaim – Unfair Competition

### (Against Ascion)

34.     RL incorporates by reference the allegations set forth in paragraphs 1-33 as if set forth fully herein.

35.     At all relevant times, RL was engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A §§ 1 and 11.

36.     At all relevant times, Ascion was engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A §§ 1 and 11.

37.     RL has suffered a loss of money or property, real or personal, as a result of the use or employment by Ascion of an unfair method of competition or an unfair or deceptive act or practice within the meaning of Mass. Gen. Laws. c. 93A § 2, including without limitation Ascion's encouraging, inducing and directing Apex and Optima to infringe '100 patent.

38.     As a direct and proximate result of the foregoing knowing and willful unfair or deceptive acts or practices of Ascion, RL has sustained financial injuries and damages according to proof, including interest and costs thereon.

32

## Fifth Counterclaim – Patent Infringement

## (Against Martin Rawls-Meehan and Ascion)

39.     RL incorporates by reference the allegations set forth in paragraphs 1-38 as if set forth fully herein.

40.     On November 11, 2008, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,448,100 ("the '100 patent") entitled "Motorized Bed That Is Movably Closer To The Wall" to RL, as assignee of the inventor Mr. Shih.  RL is the legal owner of the '100 patent and possesses all rights of recovery under the '100 patent.  A true and correct copy of the '100 patent is attached hereto as Exhibit 2.

41.     Upon information and belief, Ascion is a privately owned corporation.  Mr. Martin Rawls-Meehan is a co-founder and managing member of Ascion, LLC.  At least as of late 2006, Ascion only had four employees.  As such, upon information and belief, Mr. Martin Rawls-Meehan directs and actively participates in all aspects of Ascion's operations.  RL is informed and believes that Mr. Rawls-Meehan personally authorized, induced and/or directed Ascion to commit the acts of patent infringement alleged herein.

42.     As stated hereinabove upon information and belief, Mr. Rawls-Meehan disclosed technical information to both Apex and Optima regarding Ruoey Lung's adjustable beds that embody the inventions of the '100 Patent and asked both companies to manufacture the bed frame for Ascion to sell to customers, including Tempur-Pedic.

43.     Upon information and belief, Ascion has infringed and is continuing to infringe one or more claims of the '100 patent and is currently directly infringing, contributorily infringing and/or inducing infringement of the '100 patent, by among other things, making, using,

providing, offering to sell, selling (either directly or through intermediaries) and/or importing without authority or license from RL infringing products.

44.     Upon information and belief, Mr. Martin Rawls-Meehan has induced infringement and continues to induce infringement of one or more claims of the '100 Patent by actively and knowingly aiding and abetting Ascion's infringement of the '100 Patent as alleged herein.

45.     Marin Rawls-Meehan's and Ascion's aforesaid activities have been without authority and/or license from RL.

46.     RL is entitled to recover from Martin Rawls-Meehan and Ascion the damages sustained by RL as a result of Ascion's wrongful acts in an amount subject to proof at trial.

47.     RL is informed and believes, and thereon alleges, that Martin Rawls-Meehan's inducement to infringe and Ascion's direct and indirect infringement of the '100 Patent have been and continue to be willful.  As a result, RL is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to Martin Rawls-Meehan and Ascion.

48.     Martin Rawls-Meehan's and Ascion's direct and/or indirect infringement of RL's exclusive rights under the '100 patent as alleged herein will continue to damage RL, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

WHEREFORE, Defendants and Counterclaimant RL request that the Court enter the following relief:

A.     Dismiss the Amended Complaint and all claims of Ascion and Martin Rawls-Meehan;

B.    Judgment that Ascion has breached the Commission Agreement;

C.    Judgment in favor of RL regarding its Promissory Estoppel and Breach of Implied Covenant of Good Faith and Fair Dealing claims;

D.    Judgment that the '100 Patent is valid and enforceable;

E.    Judgment that Martin Rawls-Meehan and Ascion infringe the '100 Patent;

F.    Judgment that this case is exceptional in accordance with 35 U.S.C. § 285;

G.    An order that preliminarily and permanently enjoins Martin Rawls-Meehan and Ascion, its directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing from further acts that infringe, contributorily infringe or induce infringement of the '100 Patent;

H.    Judgment that Ascion has engaged in unfair competitive acts under Mss. Gen. Laws c. 93A §§ 1 and 11;

I.    An order that awards RL recovery for all damages that result from Martin Rawls-Meehan and Ascion's infringing acts, and Ascion's breach of contracts and wrongful actions, including (1) RL's damages and (2) Martin Rawls-Meehan's and Ascion's profits;

J.    An order that trebles the amount of damages as a result of the willful and deliberate nature of Martin Rawls-Meehan's and Ascion's acts;

K.    An order that awards interest on damages;

L.    An order that directs Martin Rawls-Meehan and Ascion to pay RL's costs, expenses, and awards attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

M.    For such other and further relief as the Court may deem proper.


Dated: January 31, 2011          By:     /s/ Richard F. Cauley
                                         Richard F. Cauley (admitted *Pro Hac Vice*)
                                         Franklin E. Gibbs (admitted *Pro Hac Vice*)
                                         **WANG, HARTMANN, GIBBS, & CAULEY P.C.**
                                         1301 Dove Street, Suite 1050
                                         Newport Beach, CA  92660
                                         (949) 833-8483

                                         Scott McConchie
                                         **GRIESINGER, TIGHE & MAFFEI, LLP**
                                         176 Federal Street
                                         Boston, MA  02110
                                         (617) 603-0917
                                         *sm@gtmllp.com*

                                         Attorneys for Defendants and Counterclaimant

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 31, 2011                By:      /s/ Richard F. Cauley
                                                 Richard F. Cauley (admitted *Pro Hac Vice*)
                                                 Franklin E. Gibbs (admitted *Pro Hac Vice*)
                                                 **WANG, HARTMANN, GIBBS, & CAULEY P.C.**
                                                 1301 Dove Street, Suite 1050
                                                 Newport Beach, CA  92660
                                                 (949) 833-8483

                                                 Scott McConchie
                                                 **GRIESINGER, TIGHE & MAFFEI, LLP**
                                                 176 Federal Street
                                                 Boston, MA  02110
                                                 (617) 603-0917
                                                 *sm@gtmllp.com*

                                                 Attorneys for Defendants and Counterclaimant

37

## Certificate of Service

I, Richard F. Cauley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 31, 2011.

/s/ Richard F. Cauley
Richard F. Cauley